Martin, J.
delivered the opinion of the court. The plaintiffs had sold a lot of ground, on an annuity, to Duplessis, who by a clause in his deed of sale, was restrained from aliening the premises, unless on the terms on which had acquired them, and was bound to furnish a *322 copy of the deed of sale, he might then give, to the plaintiffs within a fixed time, after his alienation. He accordingly sold the premises to the defendant, who by a clause in his deed, covenanted to pay the plaintiffs the annuity, and to perform towards them all the covenants, entered into by Duplessis.
East'n District.
Jan. 1818
The plaintiffs received two instalments of the annuity, as they became due; afterwards he neglected to pay and the plaintiffs brought the present suit, to recover the arrearages accrued, since the sale from Duplessis to the defendant.
The district court gave judgment for the defendant, and the plaintiffs appealed.
The demand of the plaintiffs, is resisted on the ground, that, as the plaintiffs were not a party to the deed which contains the covenant, on the breach of which the suit is brought, they can not have any action thereon-that the defendant may be liable to the person with whom he contracted, and the plaintiffs may finally compel the defendant to suffer the sale of the premises, which are hypothecated for the payment of the annuity, constituted to him by Duplessis, but they have no right to a direct action against the defendant.
According to the principles of the Roman law, a third person, not a party to a contract, *323 had no action to compel the performance of any stipulation in his favor therein : and these principles were adopted in Spain. Part. 5, 5, 48. But by the laws of the Ordinamiento real, 3, 8, 3, these principles are abrogated, and a direct action is given to the third party. 2 Gomez, 700, n. 18. In the English common law books, decisions are to be found, to support both sides of this question, but those in which the action was denied to the third party, seem to preponderate. 1 Comyns on contracts. 26.
Hennen for the plaintiffs, Carleton for the defendant.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that judgment he entered for the plaintiffs, for the sum of eleven hundred and thirteen dollars, the amount of the arrearages due, with costs of suit in both courts.