Porter, J.

The main, and indeed the only question to be decided in this cause, is the effect of a deed of assignment and trust, made by the principal debtors in Philadelphia, as *404 against the rights of the attaching creditor.
East'n District.
March, 1821.
It has been settled, by a series of decisions in this court, that there must be delivery of the thing sold, as well as a contract of sale, to enable the vendee to resist, with success, the claim of a creditor, who may levy an attachment on it; and that, whether the parties contracted out of this state or within its limits.
The same principle must govern the cession of a debt, as our statute provides, that the transferee is only possessed as it regards third persons, after notice has been given to the debtor of the transfer having taken place.” Civ. Code, 368, art. 122.
Applying this law to the case before the court, there is no evidence that the debtor was notified anterior to the levying of the attachment of the transfer made in Pennsylvania : consequently, as to third persons, no transfer was made.
This opinion being founded on the supposition, that the deed of trust was regularly proved, and that the assignment was legal, according to the laws of Pennsylvania, it becomes, of course, unnecessary to examine the bill of exceptions taken to the opinion of the court, refusing time to prove these facts.
*405 I am therefore of opinion, that the judgment of the district court be affirmed with costs.
Martin, J.
This case turns on a question which cannot be distinguished from that in those of Durnford vs. Brooke’s syndics, 3 Martin, 322. Norris vs. Mumford, 4. id. 20. Ramsay vs. Stephenson, 5 id. 23. Fiske vs. Chandler, 7 id. 24, and others. After so many decisions, it is not worth our while to consider the question anew.
I think the judgment must be affirmed.
Mathews, J.
This case comes up upon two bills of exceptions, and an assignment of errors.
The first bill is, to the opinion of the court, a quo, on its refusal, to grant a dedimus potestatine, to take testimony in Philadelphia, to substantiate the facts alleged by the claimants in three petitions. The second is, on the rejection of the notarial copy of a deed of trust, said to have been executed by the defendants to the claimants, for purposes therein specified, and by which the debt due to the former, by the garnishee, was ceded to the latter.
I am of opinion, that the district judge act *406 ed correctly in both instances. It must now be considered a settled matter, that property, although sold by a debtor, is liable to attachment for the benefit of his creditors, before tradition, or delivery, if it be within the jurisdictional limits of the state, at the time of the sale, or other species of transfer.
The sale or cession of credits, is strictly analogous to that of other property; and is not complete and effectual to transfer absolutely the rights of the creditor, till the debtor receives notice from the person to whom they are ceded, Pothier, Vente, n. 556.
In the present case, it is not pretended that the garnishee had any notice of the deed of trust, on which the claimants rely; or had, in any manner, become responsible to them, at the time of levying the attachment and summoning him to answer.
Nothing of the kind is alleged in the petition of intervention, and from the date of the deed, (a copy of which is annexed) compared with the date of the attachment, it is almost impossible that notice could have reached the garnishee, supposing it to have been sent immediately from Philadelphia, when the contract was made between the defendants and claimants.
*407 Allowing this contract to be bona fide between the parties, and in accordance with the laws of Pennsylvania, without notice to the garnishees, it cannot benefit the claimants, and it would have been an unnecessary waste of time and increase of expence to have granted the commission.
The counsel of the appellants having admitted in argument, that the notarial copy of the deed, unaccompanied by any other proof to support it, is not good evidence, it is needless to examine the second bill of exceptions.
The assignment of errors relates, principally to the evidence in the cause, and the manner of taking it; a matter more properly the subject of a bill of exceptions.
The garnishee having, in his answer, acknowledged himself a debtor to the defendants, or, that he held funds belonging to them, I am not able to discover any error in the proceedings or judgment of the district court.
It is therefore ordered, adjudged, and decreed, that it be affirmed with costs.