## Moses Eastman, Syndic, and others *v.* Jacob Beiller.

An agreement in fraud of the law, cannot be carried into effect.

To support the prescription of ten years, the title to the immoveable must be apparently good, and of a character to induce the belief, on the part of the possessor, that it is perfect. A title, defective on its face, will not be sufficient ; *aliter*, where the defect proceeds from circumstances or evidence *dehors* the instrument.

Where one assumes to sell without title, or without disclosing the defects in his title,

the vendee, in good faith, though holding *a non domino*, may plead the prescription of ten years. Otherwise, where vendor sells only his right or interest, shows what it is, and declines to warrant generally, thus bringing home to the vendee a knowledge of his title.

APPEAL from the District Court of Concordia, *Curry, J.*

GARLAND, J. This suit is instituted to recover one-fourth of section No. 9, in township 10, north range, 12 east, which contains eight hundred *arpens* of land, and the whole of section No. 10, in the same township and range, containing a like quantity. The plaintiffs claim title to the one-fourth of section No. 9, under a patent from the United States to Hatton Middleton; and their title to section 10, is under a patent to Joseph Adair, to which they set up an equitable title, alleging that Adair settled and improved the land for Hatton Middleton, and that the confirmation in the name of Adair, was made in consequence of there being another title claimed by Middleton, as a settlement right, under the acts of Congress of 1805 and 1806, in relation to claims of that description.

The defendant claims the land by a sale from Adair, made in March, 1817, in which he sells the whole of the section No. 10, and an undivided fourth of section No. 9, which adjoins No. 10 on the upper side. There are various recitals in this deed, in relation to the transactions between Middleton and Adair about the land, which, if they prove anything, show that the parties understood the nature of the titles about to be transferred. The defendant also pleads the prescription of ten and thirty years.

We are satisfied that the plaintiffs have not a shadow of title to the section No. 10, which they claim. They show no deed from Adair to Middleton, and rely solely on the recitals in the deed from the former to the defendant. These recitals would, if construed and understood as the plaintiffs desire, prove that there was an agreement between Adair and Middleton to obtain two titles for the latter, by virtue of settlement and cultivation previous to December, 1803, which the law prohibited. Such an agreement, being in fraud of the acts of Congress, this court would not carry into effect, even if proved.

To divest the representatives of Hatten Middleton of the legal

title vested by the patent in him, the defendant relies upon two grounds : *First*. The agreement between Middleton and Adair, made in October, 1803, by which the latter consented to go upon the land claimed by the former, near the Petit Gulf Island, and clear ten acres of land so as to fit it for cultivation, and build a house of certain dimensions, in consideration of which Middleton agreed to convey to him two hundred *arpens* of the tract, to be taken from the upper side. *Second*. Upon his plea of prescription.

As to the first ground, the contract between the parties was commutative ; Adair was to perform certain stipulations, and Middleton was to make a title when the improvements were made. It was a contract to sell when the price should be paid, and there is not sufficient evidence in the record to show any performance of the contract on the part of Adair. The evidence goes to prove most clearly that, after the contract was made, Adair, instead of making the improvements on the land claimed by Middleton, went upon a tract adjoining it below, improved, and lived on it a number of years, and, finally, obtained a title to it, by virtue of his settlement and cultivation previous to December, 1803. The contract was made in October, 1803, a short time previous to the actual cession of Louisiana by France to the United States. The treaty was well known at the time, and people were desirous of making improvements, and securing land for themselves, it being reasonable to suppose that the same rights and privileges would be accorded to settlers in Louisiana, which had been, but a short time previously, granted to those in the adjoining territory of Mississippi. 2 Laws U. S. p. 546. It is, therefore, very probable, that Adair thought it might be as well for him to make the improvements on a piece of vacant land, and thereby get a title for a section, instead of one for two hundred *arpens* only. The evidence that any improvement was made on section No. 9, back from the river, is loose and indefinite ; and no witness testifies that the clearing was made by Adair. The land cleared by Benjamin Adair is included in section 10, and cannot avail the defendant. Had Joseph Adair cleared ten acres of land, and fitted it for cultivation, and built a log house in the latter part of the year 1803, it certainly would have been in his power to show that the im-

provement and house were there in 1807 or 1808, unless the latter had been destroyed or removed, which the witnesses, who testify as far back as that period, would be likely to have heard or known. There is no evidence that any house was on the premises in 1807 or 1808, and the clearing seems to have been a small one. At the same time Joseph Adair was living on section No. 10, and appears to have been there for a number of years. We are, therefore, of opinion, that the agreement between Middleton and Adair, does not, of itself, confer a title to the land on the latter.

The plea of the prescription of ten years will not, in our opinion, protect the defendant. Laying out of view all the questions raised as to the effect of Middleton having died out of the State, and of his heirs not having accepted his succession, we come directly to the deed from Adair to the defendant, and are of opinion it cannot form a basis for the prescription of ten years. It is well settled, that to become the basis of this prescription, the title must be apparently good, and of a kind calculated to induce a belief in the possessor that it is perfect. A title, defective in point of form, cannot be a basis for prescription. By this, the law means, a title, on the face of which some defect appears, and not one that may be proved defective by circumstances, or evidence *dehors* the instrument. 7 Mart. 403. 10 Ib. 436. 4 Ib. N. S. 213. 5 La. 240.

The title from Adair to the defendant is a quit-claim only. The vendor does not warrant the title against any one but himself, his heirs, and those claiming under him. In the deed an undivided portion of the land only is sold ; no partition had been made ; and an agreement to divide the land, made with a person not shown to have been authorized, has never been executed. An outstanding claim in Thirsby is mentioned, and other expressions are used, which make it clear that the parties did not understand that the title to the *locus in quo* was vested in Adair. Circumstances are shown, which prove that Adair did not possess *animo domini*, and that the defendant knew it. Where a vendor assumes to sell without title, or a disclosure of the defects in his title, the vendee, in good faith, though holding under a sale *a non domino*, may invoke the prescription of ten years. But the case is different, where

the vendor sells only his right, title, and interest, and declines to give a general warranty, and sets out or shows the kind of claim, title, or interest he conveys, and brings home to his vendee a knowledge of his title. If the title turn out to be defective, the prescription of ten years will not protect the purchaser. 10 La. 283. The fact of a vendor refusing to guaranty the title he gives, is a circumstance calculated to excite suspicion as to it, and should put a vendee on his guard, and would, very probably, induce him to make inquiries as to the validity of the title.

The judgment of the District Court is, therefore, affirmed, so far as it quiets the defendant in his possession and title to the section No. 10, claimed by the plaintiffs ; but so far as it relates to that portion of section No. 9, decreed to be the property of the defendant, the judgment is annulled and reversed, and it is ordered that the plaintiffs do recover of the defendant Jacob Beiller, that portion of section No. 9, in township No. 10, north range, No. 12 east, in his possession, containing two hundred *arpens* more or less, and that they be quieted in their title to the same. As relates to the question of fruits, revenues, and improvements, this case is remanded to the District Court to be proceeded in according to law. The costs in the District Court up to this period, and those of the appeal, to be paid by the defendant ; and those hereafter incurred to abide the judgment to be hereafter rendered. In the meantime no writ of possession is to be issued.

*Elam*, for the appellants.

*Stacy*, for the defendant.