## A. M. TEMPLET *v.* J. BAKER.

The exclusion of warranty in an act of sale is not evidence of bad faith on the part of the purchaser. But where the vendee in an act of sale declares that he is acquainted with the title, and when it is exhibited, the title appears defective, there is made out against the purchaser a *prima facie* case of the want of that good faith necessary in order to prescribe.

APPEAL from the District Court of St. Mary. *Cole*, J.
J. W. *Walker*, for plaintiff and appellant. J. G. *Olivier*, for defendant.

MERRICK, C. J. This action is brought to recover of the defendant a slave which plaintiff claims as owner. Under our law, the question is, has the plaintiff a good title to the slave in controversy, and is it better than the defendant's title? The defendant claims title to the slave in suit by act of sale executed in Kentucky in favor of the defendant and his partner, made in August, 1841, and possession under his title in Louisiana, until 1844, when the slave ran away. He was taken from jail in 1851 by defendant. He had been lodged in jail as a runaway. The defendant, in December 1851, acquired the interest of his partner in the slave. One *John Saunders*, sold in 1841, in Kentucky, the slave in controversy to *Bayles*, the immediate vendor of defendant and his partner.

The plaintiff's title commenced in 1845. He presents an act of sale under private signature, bearing date May 25th, 1845, and acknowledged the same day before a Notary Public, wherein one *John Saunders* of Buchanan County, Missouri, professes to sell to *P. W. Johnson* a slave named *Carter*, about twenty-seven years of age, for $400.

On the 7th day of July, 1845, the slave having been for some time in the jail of the parish of Ascension as a runaway, *P. W. Johnson* by notarial act, sold the slave *Carter* to the plaintiff for $400. The act of sale was made "without any kind of warranty as to title or redhibitory vices or maladies" and contains the following remarkable language, viz : and the vendee "further declared, that he is fully acquainted of the manner in which said *Johnson* became possessor of said slave, and the character of vices of said slave, and is satisfied therewith, and requires no description herein." The slave seems to have been in the possession of the plaintiff from the date of his purchase until 17th September, 1850, when he sold the slave to *Edward Gaudin*, with warranty, both as to title and redhibitory vices.

The slave ran away from *Gaudin* and was lodged in jail in Plaquemine about the 1st of December, 1851. The defendant having been informed by the jailor of the lodging in jail of the slave, obtained possession from the jailor in the usual manner. *Gaudin* retroceded the slave to the plaintiff, and the action was instituted.

It is evident that there is a failure in the plaintiff's claim of title, unless his possession for five years under his act of sale has given him title *acquirendi causa.* For it is not shown that *John Saunders* of Buchanan County, Missouri, had any right to the slave in jail in Plaquemine, in the State of Louisiana.

If the plaintiff has acquired title under his deed by his possession, it is because he was a possessor in good faith, under a legal and sufficient title. C. C. 3445. We are not prepared to say that the exclusion of warranty in the act of sale is evidence of bad faith on the part of the purchaser, for there are, doubtless, many honest men who are unwilling to incur the risk of an action of warranty against them at a remote day, and therefore may be unwilling to warrant what they believe belongs to them by a just title ; nevertheless, we think where the vendee declares in the act of sale that he is well acquainted with the title, or in other words, the manner in which possession is acquired, and that title when exhibited, appears defective, that there is made out against him a *primu facie* case of the want of that good faith necessary, in order to prescribe. The burden of proof is then upon him, to show that he was in good faith, and that the title which was made known to him, was not the defective one which has been exhibited in evidence. There being no such proof in the record on this point, the plaintiff fails in his title and the slave must be left in the defendant's possession.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be affirmed with costs.