## ANTONIO HERNANDEZ v. HIS CREDITORS.

Entries on the books of an insolvent, when they are shown by witnesses to have been made in good faith, and at the time they purport to have been made, and most of them for matters within the knowledge of the witnesses, are admissible, and sufficient to correct an error made by the syndic in his tableau of distribution.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *Durant & Hornor*, for syndic. *W. B. Lancaster*, for absent creditors, appellants.

MERRICK, C. J. The appellants were the opponents to the tableau of distribution filed by the syndic.

The question is, whether the proof they have adduced is sufficient to entitle · them to a correction of the tableau which omitted them altogether?

They were placed upon the schedule by the insolvent as creditors, when he made his surrender.

Two of the opponents appear to be creditors by regular entries in the insolvent's books, having relation to the business in which he was engaged.

These entries are shown by witnesses to have been made in good faith, and at the time they purport to have been made, and mostly for matters within the knowledge of the witnesses.

One of the opponents produces the invoice of the tobacco and cigars consigned to the insolvent, for which the credits upon the books are given.

The claims of the opponents were rejected by the lower court under the authority of the case of *Menendez* v. *Lorinda*, 3 M. R. 258, 707, wherein it is stated that the admission of the insolvent makes no proof as against the creditors, because it is considered as fraudulent. See also *Eastman, Syndic*, v. *Beiller*, 3 Rob. 220.

We think, without questioning the authority of these cases, that two of the opponents are entitled to relief.

It is made the duty of the syndic to make out a tableau " containing the names of the several creditors of the insolvent debtor and mentioning the sums due to them respectively," &c. Acts 1855, p. 318, sec. 35 ; Phillips' Dig. 258.

The object of these oppositions is to correct an omission made by the syndic, and we think the proof sufficient for that purpose as to *Mrs. Josefa Meana* and *José Millet*. The claims of *José Morales y Ramos* are not sustained by the insolvent's books, and without the production of the receipts, the testimony is insufficient.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be amended so as to place the opponent, *Josefa Meana*, on the tableau of distribution as an ordinary creditor, for three hundred and thirty-four dollars and thirty-three cents ; and in like manner the opponent, *José Millet*, for the sum of seventeen hundred and seventy-seven dollars and ten cents, to be paid their *pro rata* of said balance for the ordinary creditors ; and it is further ordered, that the judgment of the lower court, so amended, be affirmed, the appellees paying one-half of the costs of the appeal, and *José Morales y Ramos* the other half of the said costs of appeal.