## No. 12,418.

### MRS. MARY E. MEIBAUM VS. JAMES A. BRENNAN.

1. Title, springing from acts of sale sufficient in form to transfer immovable property, acquired in good faith, accompanied by possession as owner, suffices for the prescription of ten years.

2. Such title held sufficient, and defendant, who had agreed to purchase, but who refused to receive the property on the ground that title was not good, compelled to accept it.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Henry P. Dart* and *Benj. W. Kernan* for Plaintiff, Appellee.

*Frank Zengel* for Defendant, Appellant.

Submitted on briefs March 31, 1897.
Opinion handed down April 12, 1897.

The opinion of the court was delivered by

BLANCHARD, J. This is a suit to compel the defendant to complete and carry into effect an agreement to purchase certain immovable property by accepting the property and taking title thereto.

The property in question is a certain piece of ground with improvements, situated on the corner of Annunciation and Toledano streets, New Orleans, and is subdivided into three lots.

The defendant agreed to take the property and pay two thousand one hundred and fifteen dollars therefor.

The allegation is made that a good and legal title was tendered him, and that without just cause he refused to accept the same.

Defendant admits the agreement to purchase at the price stated, but claims the title tendered is not good for the reason that Jean M. Begue, a remote author of plaintiff's title, acquired the property at sheriff's sale for taxes in 1874, at the suit of the State of Louisiana vs. James Crocker, in the Superior District Court. He avers that the record of this suit is lost, and that no registry of any deed or act of conveyance of the property to Crocker can be found in the conveyance office, and there is no evidence that Crocker was the owner of the property at the time of the tax sale.

Meibaum vs. Brennan.

The judgment of the court below was favorable to plaintiff and defendant appeals.

Nothing appears in the record to connect James Crocker with the proprietorship of this property save the appearance of his name on the tax assessment rolls for several years as owner thereof, the suit of the State against him for taxes, and the sale of the property under the judgment rendered therein.

Nothing is known of Crocker, nor of any heir, or vendee of his. No adverse claimant appears on that behalf, though more than twenty-three years have elapsed since the property was sold at tax sale as belonging to Crocker.

Though the record itself, of the suit of the State against Crocker, is lost, the deed to the property, executed by the sheriff to Begue as the purchaser at the tax sale, was duly recorded at the time in the conveyance office.

Begue went into possession as owner after his purchase, and this possession continued down to his death. He died and his succession was duly opened. By virtue of a judgment of the Probate Court rendered therein, Mrs. Rosina Begue was recognized as the widow in community and universal legatee of the said Begue, deceased. This was in 1878. The judgment recognizing her as widow and legatee was duly registered in the conveyance office, as a muniment of title.

In 1881, Mrs. Rosina Begue, who had meanwhile become the wife of John S. Schellang, sold the property, with consent of her husband, to Frederick Apken for eight hundred and fifty dollars, with warranty of title.

Apken sold it in 1887 to Charles L. Schoff for thirteen hundred dollars, with warranty of title.

Schoff sold it in 1892 to the plaintiff for thirteen hundred and thirty-four dollars and thirty cents, without warranty of title.

These several acts of sale were duly registered in the conveyance office.

The possession of the property by these several vendees, as owners, was peaceable, public and uninterrupted.

On this showing we agree with the judge *a quo* that defendant ought to take the title.

As to the tax title acquired by Begue in 1874, the record of which suit was lost, after this lapse of time the maxim *omnia præsumuntur recte et solemnitate acta esse,* may be invoked.

The several acts of sale, beginning in 1881, to Apken, Schoff and the plaintiff, are sufficient in form to transfer immovable property.

Such title acquired in good faith, accompanied by possession as owner, suffices for the prescription of ten years. C. C. 3478, 3484-5-6-7; Beer vs. Leonard, 40 An. 845; Wells vs. Wells, 30 An. 935; Pattison vs. Maloney, 38 An. 885; Barron vs. Wilson, 38 An. 209.

There is no suggestion that Crocker left heirs, who may have been minors long enough to suspend the current of prescription. And if there be such, we agree with the trial judge that the assessment in Crocker's name and the sale for his taxes, would silence any claim urged in behalf of such possible heirs.

Judgment affirmed.

NICHOLLS, C. J., not having heard the argument takes no part in this opinion.