(100 South. 607)

No. 26413.

KINCHEN et al. v. REDMOND et al.

In re KINCHEN et al.

(March 10, 1924. Rehearing Denied by Whole Court June 7, 1924.)

*(Syllabus by Editorial Staff.)*

1. Certiorari ☞42(6)—Affidavit to petition for certiorari held sufficient.

Under rule XVI, section 2, affidavit on petition for certiorari should contain allegations

that facts set forth are true and correct, but, where affidavit was accompanied by other proofs of compliance with the rule, affidavit, "to the best of affiant's knowledge and belief," *held* sufficient.

**2. Husband and wife ⬤═273 (8)—Widow's conveyance of land constituting community asset held not to divest husband's heirs of their title.**

Sale by widow of land constituting an asset of the community does not divest heirs of deceased husband of title to their undivided interest.

**3. Adverse possession ⬤═71 (1)—Prescription; sale under private signature held sufficient basis for claim of title by prescription.**

A sale of land under private signature, under which purchaser took and continued to exercise possession, *held* sufficient basis for plea of title by prescription, under Civ. Code, art. 3486.

**4. Deeds ⬤═26—Sales; effect of sale not altered by erroneous belief of parties as to facts necessary to conveyance.**

Erroneous belief of parties to sale of land as to what was or was not necessary to conveyance of same would not alter legal effect of their agreement which in fact transferred title.

**5. Deeds ⬤═6—Sales; transaction held valid sale under private signature.**

Transaction between parties, evidenced by a receipt, *held* a sale under private signature of land, valid and sufficient to transfer same under Civ. Code, art. 2440.

**6. Adverse possession ⬤═85 (5)—Prescription; proof of contents of lost document evidencing sale of land held sufficient to support plea of title by prescription.**

Proof of contents of lost document, evidencing sale of land under private signature, *held* sufficient to serve as basis for plea of title by prescription under Civ. Code art. 3486.

Action by D. B. Kinchen and others against J. E. Redmond and others. Judgment for defendants, and plaintiffs apply for writ of certiorari or review. Judgment affirmed.

M. C. Rownd, of Springfield, and Charles Elliott, of Amite, for relators.

Shelby S. Reid, of Amite, for defendants.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ.

## On Motion to Dismiss.

DAWKINS, J. [1] Counsel for defendants, respondents in this application, has moved to dismiss the appeal for the reason that the affidavit made by D. B. Kinchen, one of the plaintiffs, was "that all the allegations of fact therein contained are true and correct *to the best of affiants' knowledge and belief.*" (Italics ours.)

Section 2 of rule XVI of this court provides:

"Section 2. The petition for the writ of certiorari or review to a Court of Appeal shall be verified by the affidavit of the petitioner, or, in case of his absence from the parish in which the judgment sought to be reviewed was rendered, then by his attorney; and the fact of such absence shall be shown by the affidavit, which shall also show that an application for rehearing has been made to such Court of Appeal; that the rehearing has been refused; with the date of the refusal, and, that the applicant has filed in the clerk's office of such court, a notice addressed to the parties to the suit, of his intention to make the application to this court; and the petition shall be accompanied by an assignment of the errors complained of, by copies of the original petition and answer and other pleadings to which the application may relate, of the reasons assigned by the Court of Appeal for its judgment, of the petition for rehearing and brief in support thereof, and of the reasons, if any there be, for, and the judgment, refusing the rehearing."

While it would be better for the applicant in all cases to swear that the allegations of fact set forth in his petition "are true and correct," yet in this particular case he has attached to the application for certiorari certified copies which show that the application for rehearing was made, that it had been refused, the date of its refusal, and that the applicant filed with the clerk notice of intention to make said application. We think this supplied sufficient evidence, when considered in connection with the affidavit as made, to show that the law and rule of this court have been complied with. The motion to dismiss is therefore denied.

## On the Merits.

Both the district court and Court of Appeal decided the case in favor of defendant, and, since our examination of the record convinces us of the correctness of their conclusions, we adopt and quote the opinion of the Court of Appeal, as follows, to wit:

"In 1860 D. B. Kinchen acquired 157.80 acres of land from the United States government, being the S. W. ¼ of Sec. 15. He died in 1872, leaving a widow, Nee Smiley, and plaintiffs, who are his sole heirs. On the 4th of March, 1878, the widow, Mrs. D. B. Kinchen, sold the north half of said tract of land to Aaron Stewart, consisting of 79.80 acres, as stated in the deed, and for $71 in cash.

"Plaintiff, the heirs of D. B. Kinchen, are suing defendant, claiming an undivided interest in the land sold by their mother, and asking that he be dispossessed of the property. Among other defenses, defendant pleads the prescription of 10 and 30 years. The demand of the heirs was rejected; they appealed.

[2] "The property sold by Mrs. Kinchen to Stewart was an asset of the community, and plaintiff's undivided interest therein, as the heirs of D. B. Kinchen, was not divested by the sale, and the defendant, who claims from Stewart, has no title thereto, unless he acquired by prescription. The lower court decided in his favor on the plea of prescription, which was interposed as a bar to the action of plaintiffs. The case turns upon a proper determination of this issue; the vital one in the case.

[3, 4] "The defendant testified he bought the land in question for $75 from Stewart, about 2 years after Stewart had purchased it from the Widow Kinchen; that a receipt was drawn up for the land by Captain Patterson. He says the transaction for the land was made in presence of Pat Tillman, a negro. A small pile of wood, which had been cut on the land, and a pony were included in the deal. He says Stewart was in a hurry at the time and left, stating he would come back and make another title. It is clear from the testimony, however, that a transfer of the land was made by Stewart, for a fixed price, and that it was immediately delivered to him, defendant. It is true he said Stewart was to return to make another title, but this he said he wanted because he desired to have something recorded. The words 'another title' make it evident that the parties considered the receipt as being a title, and merely conceived the notion that a formal one was essential to effect the conveyance of ownership. The ideas which defendant might have ascertained on this subject could not, however, change the nature of the contract. If it was a sale, a transfer of title was effected, and whatever erroneous notions the parties might have entertained as to what was or was not necessary to convey the land could not alter the legal effect of the agreement. Pat Tillman, the witness above referred to, says: Defendant paid $75 for the land, and that he saw the money 'passed between the parties.' This is precisely the amount defendant says he paid for it. Tillman says 78 and some odd acres were sold to defendant by Stewart. The whole tract consisted of 157.80 acres, as aforestated, and, as half thereof was what Stewart bought, 78 and some odd acres must have been the number of acres which were sold by him to defendant, as testified to by Tillman. Tillman says he saw when Stewart signed the document; that he also signed it as a witness. There is nothing in the evidence to show that this document, whether termed as a receipt or deed, was in any way intended as a promise of sale, or other contract of that nature, conferring a mere precarious title in the vendee; on the contrary, it is clearly shown that defendant took immediate possession of the land, which he occupied by living in a small shanty thereon for a couple of years, and where he continued to exercise various acts of ownership, without interference or protest of any character, up to the time of the institution of this suit.

"Counsel for plaintiffs refers us to the case reported in 45 La. Ann. 503, 12 South. 763 (Clark v. Comfort). In that case the contract merely contemplated the consummation of a sale, and in which the vendee was given certain rights of ownership, but 'short of ownership itself,' and which was by the court correctly characterized as a promise of sale.

[5] "It is evident that these features which appeared in the contract referred to in the case above cited are totally absent from the agreement in the instant case, which shows that a transfer of title was not only intended but was actually effected between Stewart and defendant, when the receipt was drawn up for them by Captain Patterson. The contract under discussion was therefore a sale under private signature, it is true, but nevertheless valid and sufficient for the transfer of immovable property. C. C. § 2440.

[6] "Article 3478, C. C. reads as follows: 'He who acquires an immovable in good faith, and by just title prescribes for it in ten years.' A just title is defined by article 3479, C. C., as one which is legal and sufficient to transfer

the property. The document or receipt, though under private signature, was valid or legal, and was sufficient to transfer the land. It is not subject to any particular form, and unquestionably effected a transfer of ownership from Stewart to defendant. It was proved that the document was lost and could not be produced. Defendant, however, proved its contents, as above shown and this showing was sufficient to serve as a basis for the plea of prescription. C. C. § 3486. It is shown that Stewart took immediate possession when he bought; that he built a small house on the land, which defendant occupied for a couple of years after his purchase; that defendant exploited the timber on the land, and always exercised absolute dominion over it, as owner, to the time of this suit, without interference or objection. He is therefore entitled to the property by the prescription of 10 years."

For the reasons assigned, the judgment of the Court of Appeals is affirmed, with costs.

LECHE, J., recused.

Rehearing refused by the WHOLE COURT.