(124 So. 125)

No. 29888.

LAND DEVELOPMENT CO. OF LOUISI-
ANA, Limited, v. SCHULZ et al.

July 8, 1929.   Rehearing Denied Oct. 8, 1929.

2

Theo. Cotonio, Sr., and Theo. Cotonio, Jr., both of New Orleans, for appellant.

De Vilches Doussan, of New Orleans, for appellees.

O'NIELL, C. J. The plaintiff, claiming $\frac{9}{10}$ interest in two lots in New Orleans, and conceding that the defendant Mrs. Ellen Seyer Schulz owned $\frac{1}{200}$ interest, and alleging that the other defendant, John Jenkins, owned $\frac{19}{200}$ interest, sued for a partition of the property. Plaintiff averred that it was not known where John Jenkins was, or whether he was dead or alive, and prayed for the appointment of a curator to represent him if alive, or to represent his heirs if he was dead. The curator was appointed, and, in answer to the suit, claimed for Jenkins or his heirs the $\frac{19}{200}$ interest in the land, and opposed the demand for a partition. Mrs. Schulz, in her answer to the suit, claimed that she was the sole owner and possessor of the property, under a just and valid title more than 10 years old, and pleaded the prescription of 10 years. The court gave judgment in her favor, sustaining the plea of prescription, declaring her to be the sole owner of the property, and rejecting the plaintiff's demand. The plaintiff has appealed from the decision.

The plaintiff and Mrs. Schulz both claim title through mesne conveyances from John Jenkins, who bought the two lots from the widow of Charles Caffin deceased, on the 5th of August, 1873, by notarial act, which was duly recorded. The lots were sold to Don F. Watts on the 23d of July, 1903, for the taxes of 1902, assessed in the name of John Jenkins. On the 29th of February, 1904, Watts sold the property to John N. Jenkins, for $30 cash, by an act of sale under private signature, acknowledged before a notary public and duly recorded. It is not known whether John N. Jenkins was the John Jenkins who formerly owned the lots; but it is probable that John N. Jenkins was not the John Jenkins for whose delinquent taxes the property was sold to Don F. Watts, for, in the sale by Watts to John N. Jenkins, which was not in the form of

a redemption but in the form of an ordinary cash sale, it was declared that the property was acquired by Watts by tax sale for taxes assessed in the name of John Jenkins. That, however, does not affect the question whether the defendant Mrs. Schulz acquired title by the prescription of 10 years. On the 18th of May, 1911, the city treasurer sold $\%_0$ interest in the property to the plaintiff for the city taxes of 1909 assessed in the name of John M. Jenkins—not John N. but John M. Jenkins—and on the 5th of March, 1917, the city treasurer sold $\frac{1}{200}$ interest in the property to B. J. Zahn for the city taxes assessed in the name of John N. Jenkins. On the 23d of March, 1917, Mrs. Schulz bought the two lots from Don F. Watts, for $20 cash; and four days later she bought from B. J. Zahn, for $35 cash, "whatever rights he acquired" by the tax sale of $\frac{1}{200}$ interest in the lots, dated March, 5, 1917.

It appears that the land was unfenced and vacant when Mrs. Schulz bought it. She immediately fenced the land and cultivated it, and afterwards established a dairy on it, and 3 years later built a double cottage on the lots at a cost of about $2,000. It is not disputed that Mrs. Schulz was in actual possession of the property, openly and continuously, for 10 years and 11 months before this suit was brought. She paid promptly all taxes assessed against the property after she bought it. The plaintiff paid no taxes at all on the property during the 12 years preceding the filing of this suit.

There is no doubt that Mrs. Schulz believed that she was acquiring a good title to the lots when she bought them from Don F. Watts and obtained also whatever claim B. J. Zahn had. She was so advised by an attorney at law before she bought the property, and she showed her faith in his advice by spending a considerable sum of money in improving the property long before she could have relied upon a plea of prescription or statute of repose.

Appellant contends that the recitals in the deed which Mrs. Schulz obtained from Watts, and the smallness of the price which she paid, were such as to preclude good faith on her part, and that the deed, therefore, could not be the basis of a plea of prescription of 10 years. The deed is an act under private signature, and purports to "grant, bargain, sell, convey, transfer, assign, set over, abandon, deliver, and quitclaim, without warranty, unto Ellen Seyer, wife of James E. Schulz, * * * Two certain lots of ground," etc.; and at the end of an accurate description of the two lots is the statement: "Said lots were acquired by Don F. Watts for the taxes of 1904, tax bill No. 1267, from the city of New Orleans, and same for the year 1904 and 1902 for the state taxes, as assessed in the name of John N. Jenkins, hereby transferring all right and title so acquired, unto said purchaser, without warranty and without recourse to [meaning for] the restitution of the purchase price."

Appellant argues that Mrs. Watts was not acting in good faith when she bought the lots from Watts, on the 23d of March, 1917, because she could have discovered by an examination of the conveyance records that Watts had sold the lots to John N. Jenkins, 13 years before. If no one could invoke successfully the prescription of 10 years who could have discovered by an examination of the public records before buying the property that the seller had no title, the plea would never be available, because no one could invoke it except one having a valid title and having therefore no need for the prescription. Article 3474 of the Civil Code declares that the prescription of 10 years applies "when the possessor has been in good faith

and held by a just title during that time." Article 3478 repeats that "he who acquires an immovable in good faith and by a just title" has the benefit of the prescription of 10 years. Article 3480 declares that the good faith spoken of in the preceding article is defined in the chapter which treats of *possession;* and, turning to that chapter, we find that article 503 defines a "bona fide possessor" as one "who possesses as owner by virtue of an act [meaning a title] sufficient in terms to transfer property, the defects of which [title] he was ignorant of." Article 3451, under the head of *"Prescription,"* repeats that a possessor in good faith is one who has just reason to believe that he is the owner of the property which he possesses, although in fact he may not be the owner, as in the case of one who buys property which he believes belongs to the person selling it, but which in fact belongs to another. Article 3484 declares that the term "just title," as used in relation to the prescription of 10 years, does not mean a valid title, but means merely a title, or title deed, which, on its face, would be sufficient to transfer the ownership of the property if the transferor actually owned it; viz:

"By the term *just title*, in case of prescription, we do not understand that which the possessor may have derived from the true owner, for then no true prescription would be necessary, but a title which the possessor may have received from any person whom he honestly believed to be the real owner, provided the title [meaning title deed] were such as to transfer the ownership of the property."

It cannot be disputed that the deed which Mrs. Schulz acquired from Don F. Watts was sufficient to transfer the ownership of the property if Watts owned it.

The answer to appellant's argument is found in Eastman v. Beiller, 3 Rob. 223, repeated literally in Hall & Turner v. Mooring, 27 La. Ann. 596, and in Pattison v. Maloney, 38 La. Ann. 885, and in Train v. Cronan, 46 La. Ann. 551, 15 So. 368, viz.:

"A title defective in form cannot be the basis of prescription." By this the law means "a title on the face of which some defect appears, and not one that may [prove] defective by circumstances, or evidence dehors the instrument."

The doctrine was applied again in Delouche v. Rosenthal, 143 La. 586, 78 So. 970, 972, thus:

"Article 3451 of the Civil Code defines the 'possessor in good faith' as one who has just reason to believe he is the owner of the property he possesses, although he may not be in fact, and gives the illustration of one who buys property that he supposes belongs to the seller although in fact it belongs to another. Having 'just reason to believe' does not mean having a reason supported by law. If it did, the only possessor in good faith would be one whose belief or faith in the validity of his title is well founded.

"A 'possessor in bad faith' is one who has assumed the quality of owner or master, well knowing that he has no title, or that his title is vicious and defective. R. C. C. 3452.

"Bad faith is not to be imputed to a purchaser merely because an examination of the records would have disclosed a defect in the vendor's title. What is meant by a deed valid in form, or prima facie translative of property, is one that has no defect apparent upon its face. Pattison v. Maloney, 38 La. Ann. 885; Heirs of Ford v. Mills & Phillips, 46 La. Ann. 339, 14 So. 845; Guarantee Trust Co. v. Drew Inv. Co., 107 La. 252, 31 So. 736; Blair v. Dwyer, 110 La. 337, 34 So. 464."

The fact that, in the deed from Watts to Mrs. Schulz, the title which he transferred was declared to be a tax title, was not of itself sufficient to make the transfer unavailing

as a basis for the prescription of 10 years; for the Constitution (Const. 1921, art. 10, § 11) declares that tax deeds shall be received in evidence as prima facie valid sales; and it is well settled that a tax deed may be the basis for the prescription of 10 years. Giddens v. Mobley, 37 La. Ann. 417; Barrow v. Wilson, 38 La. Ann. 209; Montgomery v. Whitfield, 41 La. Ann. 649, 6 So. 224; Denegre v. Buchanan & Donan, 47 La. Ann. 1563, 18 So. 504; Michel v. Stream, 48 La. Ann. 349, 19 So. 215; Heirs of Wykoff v. Miller, 48 La. Ann. 475, 19 So. 478; Gauthier v. Cason, 107 La. 52, 31 So. 386; Hickey v. Smith, 118 La. 169, 42 So. 762; Soniat v. Donovan, 118 La. 847, 43 So. 462; Eivers' Heirs v. Rankin's Heirs, 150 La. 4, 90 So. 419.

The fact that the sale by Watts to Mrs. Schulz was made without warranty of title does not affect her plea of prescription of 10 years. A stipulation in an act of sale that the seller does not warrant the title might be regarded as an indication that the seller lacked faith in his title, but it is not an indication that the buyer lacked faith in the title. Templet v. Baker, 12 La. Ann. 658; Brewster v. Hewes, 113 La. 45, 36 So. 883; Read v. Hewitt, 120 La. 288, 45 So. 143; Kinchen v. Redmond, 156 La. 418, 100 So. 607; Clayton v. Rickerson, 160 La. 771, 107 So. 569.

The fact that Mrs. Schulz paid a very small price for the lots does in some measure tend to discredit her alleged good faith; but it is not proof of bad faith in this case because the sale was made by an agent of Don F. Watts, under authority of a general power of attorney, and it is quite likely that the agent knew nothing of his principal's title to the property. That fact alone might account for the agent's selling the property so cheap. The seller's having no faith in his title is a matter of no importance in regard to the

prescription of 10 years. Clayton v. Rickerson. 160 La. 774, 107 So. 570.

Appellant's attorney argues that the plea of prescription cannot prevail in this case because plaintiff claims only an undivided interest in the property; and in support of the argument he cites article 1304 of the Civil Code. The article declares merely that an action for partition cannot be barred by prescription as long as the property is possessed jointly, or in common, and the joint ownership is acknowledged or proven. He also cites article 1305, which declares that, if one of several co-owners of property remains in possession of the whole property for 30 years, or if each co-owner possesses a part of the property separately for 30 years, the prescription of 30 years is a bar to an action for partition. It is not to be inferred from those articles that the prescription of 10 years cannot protect a bona fide possessor under a title for the whole property if in fact there is a joint ownership, unknown to him. Article 3515 of the Code, in the chapter dealing with the causes which prevent the prescription acquirendi causa, declares that one having in fact a title for an undivided interest in property may acquire the whole by prescription, either of 10 or 30 years, viz.:

" * * * But one may prescribe beyond his title.

"So, also, a person who has a title for one-half an estate, may prescribe for the other half; for it may be that a new title has transferred the ownership of the property to him, or that he has acquired it without title by thirty years' possession."

The decisions cited by appellant are not in conflict with those which we have cited, because the question of good faith on the part of the person pleading the prescription of 10 years is always a question of fact to be

determined by the circumstances of the particular case; the presumption being always that of good faith, in matters of prescription, and the burden of proof being upon the party alleging bad faith. Rev. Civ. Code, art. 3481. The appellant cites seven decisions, viz.: Eastman, Syndic, v. Beiller, 3 Rob. 220; Thomas v. Kean, 10 Rob. 80; Avery v. Allain, 11 Rob. 436; Hughey v. Barrow, 4 La. Ann. 248; Walling's Heirs v. Morefield, 33 La. Ann. 1174; Breaux-Renoudet Cypress-Lumber Co. v. Shadel, 52 La. Ann. 2094, 28 So. 292; and Otis v. Texas Co., 153 La. 384, 96 So. 1. Eastman, Syndic, v. Beiller merely lays down the general proposition, which is entirely favorable to the defendant in this case, viz.: "A title, defective on its face, will not be sufficient; aliter, where the defect proceeds from circumstances or evidence dehors the instrument." Thomas v. Kean announces the proposition that a sale of one's "right, title and interest" in the property cannot be the basis for the prescription of 10 years. Whether that is considered a sound doctrine to-day need not be said here, for it would not be appropriate to this case. Avery v. Allain is authority for the proposition merely that one who buys only such right as the seller has, and knows that the seller has no title, cannot plead successfully the prescription of 10 years. Hughey v. Barrow maintains merely that one who buys the right, title and interest of one who has a tax title to property which he has never had possession of cannot plead successfully the prescription of 10 years. We have already cited a long list of decisions to the effect that, since the Constitution has declared that tax sales are prima facie valid, they may be the basis for the prescription of 10 years. Walling's Heirs v. Morefield maintained merely that one "who knew the defect in the title of the property he purchased," and therefore bought it for much less than its value, could not plead successfully the prescription of 10 years. In Breaux-Renoudet Cypress-Lumber Co. v. Shadel et al. there was no plea of prescription. It was decided merely that the defendants were not in good faith, and were in fact trespassers, in cutting all of the timber off of a tract of land of which they claimed only an undivided half interest. In Otis v. Texas Co. there was no plea of prescription. The question was whether the *plaintiffs* had bought the property in good faith, from the apparent owner, according to the public records; and the ruling of the court was that they had bought only a litigious right, knowing that the title to the property was in dispute.

As to the interest claimed by the curator ad hoc for John Jenkins or his heirs, Mrs. Shulz pleaded res judicata, because, in an action to quiet her title, In re Ellen Seyer Schulz, No. 171282 of the docket of the civil district court for the parish of Orleans, division D, in which a curator ad hoc represented the absentee, John Jenkins, or his heirs, a judgment was rendered in favor of Mrs. Schulz, declaring that she was the owner of this property. That, however, is a matter of no importance now, because the curator ad hoc who represented Jenkins or his heirs in the present suit has not appealed from the judgment in favor of Mrs. Schulz; and therefore, as to Jenkins or his heirs, the judgment rendered in favor of Mrs. Schulz in this case is final.

The judgment is affirmed.