sale, a temporary restraining order was prayed for and granted.

In their petition for the injunction, the plaintiffs alleged:

(1) That the note and mortgage were given without consideration as an accommodation to F. G. Gallaspy, a merchant, the husband of defendant.

(2) That the wife, Mrs Lucy Simmons, never signed the note and mortgage, and that her signatures to the note and mortgage are forgeries, and that they therefore interpose their homestead rights on the ground that the wife never joined in the homestead waiver.

(3) That if there was any consideration for the said note it had long since been paid.

(4) That, even if there were a valid consideration given for the note and mortgage, they were the property of F. G. Gallaspy, the husband, and that the said Mrs. Ethel Gallaspy, the wife, could not be the owner of them under the law.

On trial of the rule to show cause why preliminary injunction should not issue, there was judgment in favor of the plaintiffs, and the preliminary injunction was accordingly issued. Later, on the trial of the merits of the case, there was judgment in favor of the defendants dissolving the preliminary injunction, and for $30 attorney's fee. From this judgment, the plaintiffs appealed.

None of the plaintiffs testified at the trial, though it is said that they were present in court. The only effort made by them was to secure the original ledger sheets showing the account of R. H. Simmons with F. G. Gallaspy over a period of several years, and to cross-examine the said Gallaspy thereon.

No appearance has been made in this court by the appellants, but in spite of that fact we have carefully examined the record, but find no error therein.

We therefore order, adjudge, and decree that the judgment appealed from be, and the same is hereby, affirmed; the plaintiffs to pay all costs in both courts.

---

**JACKSON v. HARRIS et al.**

No. 3624.

Court of Appeal of Louisiana. Second Circuit, Second Division.

Nov. 18, 1931.

Lee & Williams, of Mansfield, for appellants.

Craig, Bolin & Magee, of Mansfield, for appellee.

DREW, J.

Plaintiff alleged ownership of a certain 40-acre tract of land and the possession of same, and alleged that defendants were slandering his title by having sold timber on the land and claiming ownership by virtue of a partition proceeding, and, further, by threatening to sue him for the rent of said land. He prayed that his title be recognized, that the act of partition be held as without effect as to him, and for the timber sale to be held a simulation, and further for damages in the sum of $250 for slander of title.

Defendants answered denying the allegations of the petition in main, admitting the sale of the timber and having partitioned the land, and in reconvention they pray for judgment for the use of the land by plaintiff during the years 1927 and 1928 in the sum of $5 per acre, or $110.

The trial of the case in the lower court resulted in judgment recognizing plaintiff as the owner of the land in question, less the mineral rights thereunder. Defendants appealed, and plaintiff answered the appeal praying that the judgment of the lower court be amended by decreeing him the owner of the land and minerals.

This court on the 16th day of July, 1931, rendered judgment reversing the judgment of

the lower court, rejecting the demands of plaintiff, and rendering judgment in favor of the defendants and against the plaintiff on the reconventional demand in the sum of $66, with legal interest from judicial demand until paid.

Plaintiff applied for a rehearing on that part of the judgment of this court wherein there was judgment for defendants on the reconventional demand, and a rehearing was granted on that question alone.

The only question to determine is: Was plaintiff in legal good faith or not? Plaintiff's claim of ownership of the land in controversy was based on the following:

"Benson, La., October 25, 1925.
"Received from Archie Jackson in full payment on land ($600.00) Six Hundred Dollars
"to N. M. Hale."

■■ It is apparent on the very face of the above instrument that it did not convey title to plaintiff of the land he claims to have possessed as owner in good faith. The above instrument was not sufficient in terms to transfer the property claimed by plaintiff, although the signer of said instrument had good title to the land and plaintiff could not have had the benefit of the ten-year prescription under said instrument. Article 503 of the Revised Civil Code defines a bona fide possessor as one "who possesses as owner by virtue of an act [meaning a title] sufficient in terms to transfer property, the defects of which [title] he was ignorant of." Land Dev. Co. v. Schulz, 169 La. 1, 124 So. 125.

■ A person cannot have just reason to believe himself the master of a thing who possesses by virtue of a title defective on its face. Ignorance of the fact that the vendor was not the true owner under a title on its face translative of property would be a possessor in good faith, but ignorance of the law that the title is defective when the title deed is defective on its face is not possession in legal good faith. McDade v. Bossier Levee Bd., 109 La. 625, 33 So. 628; Heirs of Dohan v. Murdock, 41 La. Ann. 494, 6 So. 131; Wells v. Blackman, 121 La. 394, 46 So. 437; Jackson v. Shaw, 151 La. 795, 92 So. 339; Industrial Lumber Co. v. Fargue, 162 La. 793, 111 So. 166; Land Dev. Co. v. Schulz, 169 La. 1, 124 So. 125.

Plaintiff relies on the case of Miller v. Shumaker, 42 La. Ann. 398, 7 So. 456, 457. This case is not in point. In that case the husband went into possession of certain property belonging to his wife, which had been left to him by her under a will. The will was declared a nullity for the reason that it did not show on its face that it was written by the notary public. The court held that the husband did not owe rents and revenues because he was a possessor in good faith believing himself to be master of the thing under the will. The court in that case said:

"The defendant was in possession of the property, not merely by virtue of the will by which it was bequeathed to him, but of a judicial decree, which ordered 'that its provisions be executed.' Neither the will, nor the decree made to carry it out, were absolute nullities; for their validity could have been acquiesced in, expressly or impliedly, as being in favor of private individuals.

"By the lapse of time, five years (Rev. Civil Code, art. 3542), an action to annul it would have been barred."

He also relies on the case of Pecot v. Prevost, 117 La. 765, 42 So. 263. A careful reading of that case will disclose that the defendant held the property under a title correctly describing the property and without any defects apparent on its face (see page 775, last paragraph, first column of 117 La., 42 So. 266).

Davis et al. v. Moore, 156 La. 488, 100 So. 691, relied upon by plaintiff, is not in point. The suit was one of boundary in which the boundary had never been fixed.

Land Development Co. v. Schulz, 169 La. 1, 124 So. 125, we think holds to the view we have expressed in this opinion, and Glass v. Ives, 169 La. 809, 126 So. 69, cited by plaintiff, is not in point. Defendant, in the latter case, was held to be the true owner of the property, and the court said: "Civ. Code arts. 508 and 3453, pertaining to the rights of a possessor in good faith when evicted by the true owner of the property, held inapplicable where the possessor was evicted by holder of mortgage recorded previous to the possessor's acquiring title to the property."

■ In this case there was much parol testimony offered over objection of counsel for defendant to prove title in plaintiff, and this court held it was not admissible for that purpose. It might, however, be admissible on the question of good faith of the plaintiff, and, if so considered, it clearly shows by the testimony of plaintiff himself that he knew at the time he took the receipt relied upon by him to make out his title, that he was not receiving a deed, but was promised a deed to the property in dispute at a later date. If ignorance of the law could be an excuse, it would be of no aid to plaintiff, for he actually knew he did not have a title (deed) to the property.

We find no error in the former judgment of this court, and it is therefore ordered, adjudged, and decreed that the same be reinstated.