HARDY, Judge.
This is a petitory action instituted in 1931 by the plaintiffs as widow and children and sole heirs of the decedent, Joe D. Davis, praying to be recognized as the true and lawful owners and as such entitled to full and undisturbed possession of a certain tract of land containing 137.25 acres, more or less, described by metes and bounds, located in LaSalle Parish, and known as the Whitehall Plantation. Plaintiffs further prayed that the defendant be ordered to deliver possession of a portion of the said tract which the said defendant, occupied and to which he claimed title. From a judgment in favor of plaintiffs the defendant has appealed.
The asserted titles of both plaintiffs and defendant deraign from a common ancestor. Plaintiffs alleged that their decedent, Joe D. Davis, and Clarence V. Davis acquired title to the property described by deed from Mrs. Lee Haas and the Misses Anna Lee and Dale Hopkins, of date November 24, 1939, duly filed and recorded in the Conveyance Records of LaSalle *77 Parish; that the named vendees immediately, and in good faith, entered into full possession of the whole of the tract of land conveyed; that by deed dated September 9, 1942 Joe D. Davis acquired the interest of Clarence V. Davis in the property described; that Joe D. Davis died November 11, 1948, and petitioners, by judgment of the court in the matter of the Succession of Joe D. Davis, deceased, were recognized and placed in possession of the property; that the possession of the property had continued without interruption from the date of its purchase until sometime in the latter part of the year 1950 when plaintiffs’ peaceful possession had been violated by the acts of defendant, Spencer D. Bradford, with respect to a two-acre tract of land situated in the extreme northwest corner of the described property, of which the said defendant claimed ownership and upon which he entered into possession.
In answer to plaintiffs’ suit, defendant averred that he was the true and lawful owner of a two-acre tract of land in the northwest corner of the Julia Dale Subdivision of the Uriah Wiggins Riquet, which he acquired by deed from J. T. Prichard of date October 22, 1938; that defendant’s vendor had acquired the two-acre tract through a chain of title emanating from William W. and Lois D. Richardson, who had sold the said tract, severed from the Whitehall Plantation, to one Jesse Walker by deed dated May 8, 1928; that the chain of title prior to the deed from the Richardsons to Walker was identical with that of plaintiff; that defendant and his predecessors in title had been in actual physical possession of the two-acre tract of land since May 8, 1928.
Plaintiffs contend that the description in the deed from the Richardsons to Walker, under which defendant claims title, was fatally defective and, as a consequence, defendant does not hold and cannot claim any title to the two-acre tract of land in dispute. Plaintiffs further assert the plea of ten years prescription, acquirendi causa, under the provisions of Article 3478 et seq. of the LSA-Civil Code.
In addition to his own claims under the ten and thirty year prescriptive periods, defendant urges that plaintiffs’ plea of ten years prescription, acquirendi causa, must fail, first, because plaintiffs and their ancestors in title have not actually possessed the two-acre tract of land claimed by defendants, and, second, because plaintiffs’ possession, if any, has not been in good faith as required by the provisions of Article 3479 of the LSA-Civil Code.
First, it must be observed that the description in the deed from the Richardsons to Jesse Walker, purporting to describe a two-acre tract of land in the northwest portion of the Julia Dale Subdivision of the Uriah Wiggins Riquet, is defective and fails to describe, by reason of error and omission in the calls, an enclosed tract of land. Defendant contends that the obvious error in the calls of the description is susceptible of explanation and correction by extrinsic evidence. The description refers to a map attached and made a part of the deed, but the conveyance records did not indicate that such map had been attached to or filed in connection with the act of conveyance. After trial of this case, counsel for defendant filed a motion to re-open, alleging the discovery of a plat and proces verbal of the two-acre tract of land which showed the location and correct enclosure thereof. The motion was allowed by the trial judge, and the plat and proces verbal were admitted in evidence.
We pretermit discussion of the opposed contentions of the parties litigant with reference to the issue of adequate description, inasmuch as we are of the opinion, for reasons hereinbelow set forth, that the issue was correctly determined by the district judge upon the basis of plaintiff’s plea of prescription.
The record convincingly establishes the following facts:
*78 That Joe and Clarence Davis entered into actual and complete possession of the Whitehall Plantation, embracing the tract claimed by defendant, immediately after their purchase thereof by deed dated November 24, 1939, and such possession was continued by Joe Davis and these plaintiffs continuously and without interruption for a period of more than ten years; that in the latter part of the year 1950 the defendant, Bradford, built a house on the property in the extreme northwest corner of the Whitehall Plantation constituting the two-acre tract of which he claimed ownership; that from the date of the purported acquisition of the two-acre tract of land by Jesse Walker in 1942 until the action of the defendant, Bradford, in 1950, there had been no continuous possession of any nature for any period of time approaching ten years.
From the above facts we think it is clear that plaintiffs have established the requisite possession under a deed transla-tive of title for a period of more than ten years. However, there remains the question as to plaintiffs’ good faith, which is seriously attacked by counsel for defendant, who contends that Joe D. Davis began his possession with the knowledge that a two-acre tract in the northwest corner of the Whitehall Plantation had been severed therefrom by a prior deed. In support of this claim counsel insists that the trial judge entirely disregarded the testimony of defendant’s witness, Q. R. Pludson, former Clerk of Court of LaSalle Parish, to the effect that Joe D. Davis had knowledge of the sale of the two-acre tract.
Examination of Hudson’s testimony shows that it relates to a conversation with Davis concerning the deed to- Bradford, which conversation, however, took place well after Davis’ acquisition of the Whitehall Plantation. Careful examination of the record completely fails to disclose any proof of any nature or degree whatsoever that would discredit the conclusion that Davis began his possession of the entire property, under a deed translative of title, in absolute good faith.
It is well established that if possession is commenced in good faith, any subsequent knowledge of outstanding rights, or any subsequent possession in bad faith, does not prevent the running of the acquisitive prescription of ten years. In Brewster v. Hewes, 113 La. 45, 36 So. 883, 885, the opinion of the Supreme Court stated the principle in detail, as follows:
“The law applicable to the subject is that he who acquires the ownership of an immovable from one whom he believes to be the owner, by a title which would be sufficient to transfer the ownership if derived from the owner, and who holds continuous, uninterrupted, peaceable, public, and unequivocal possession thereof, as owner, ‘prescribes for it in ten years’; that good faith is always presumed in matters of prescription, and that he who alleges bad faith in the possessor must prove it; and that it is sufficient if the possession has commenced in good faith, the fact that it is afterwards held in bad faith, whether by the original possessor or his successor in title, not affecting the prescription. [LSA] Civ.Code arts. 3478, 3479, 3481, 3482, 3484, 3485, 3486; Barrow v. Wilson, 38 La.Ann. 209; Pattison v. Maloney, Id. 885; Wells Ex’r v. Wells, 30 La.Ann. 935; Meibaum v. Brennan, 49 La.Ann. 580, 21 South. 853; Devall v. Choppin et al., 15 La. 566; Templet v. Baker, 12 La.Ann. 658.” (Emphasis supplied)
The rule has been more recently reiterated by the Supreme Court in Goree v. Sanders, 203 La. 859, 14 So.2d 744, and by our brethren of the First Circuit in Uter v. Tessier, La.App., 61 So.2d 561. (Writs Denied.)
It follows that the judgment appealed from should be, and, accordingly, it is affirmed, and
*79 It is ordered, adjudged and decreed that there he judgment in favor of the plaintiffs, Mrs. Lula Mae Davis, Ernest O’Dell Davis, Clarence V. Davis, Mrs. Jessie Pauline Davis Laney and Mrs. Marjorie Davis Joy, and against the defendant, Spencer D. Bradford, recognizing said plaintiffs as and decreeing them to be the true and lawful owners of all of the following described property, to-wit:
The Whitehall Plantation situated in LaSalle Parish, Louisiana, with all buildings and improvements thereon, more particularly described as follows:
Beginning at the Southeast corner of the Uriah Wiggins Riquet or head-right on the Township line between Townships No. 7 and No. 8, North, Range 4 East, between two large pin oak trees marked X; thence South 56' West to Wiggins Creek 38 chains, said creek forming the eastern boundary of the said estate; thence on South 56' West 17 chains to intersection of the western boundary of said Uriah Wiggins Riquet, at two old marked hickory trees and where has been placed an iron stake in between the two hickory trees, this corner in low swamp; hence North 36' West 55 chains to upper or Northwest corner of Dale land, three small oaks marked X at 40 chains a cherry tree on south side of Alexandria and Harrisonburg public road; hence from said three oaks corner or northwest corner of Dale lands run North 56' East 267 chains to a pine tree on the east side of said creek, this line crossed the highway at 140 yards; thence from the pine tree corner meandering the Wiggins Creek southerly to the crossing of the said creek on the south boundary line of the Uriah Wiggins Riquet; aggregating within the said metes and bounds 137.25 acres, more or less, being 69.75 acres on the north side of said township line and 67.50 acres on the south side of said township line; less and except the graveyard on said plantation, ownership of which was retained by the vendors of Joe D. Davis and Clarence V. Davis;
and as such owners entitled to the full and undisturbed possession of all of sama;
It is further ordered, adjudged and decreed that the defendant herein, Spencer D. Bradford, is ordered and required to forthwith vacate and deliver possession of that portion of said property presently occupied by him to the said owners of the whole of the property hereinabove described, the plaintiffs herein.
And it is further ordered, adjudged and decreed that all costs of court be and the same are assessed against the defendant.