ELLIS, Judge:
This is a suit for partition by licitation of a parcel of ground in which plaintiffs claim to own an undivided interest by inheritance from Elmira McDonald Lott. Defendant is Crown Zellerbach Corporation. After trial on the merits, judgment was rendered recognizing some of the plaintiffs as owners of an undivided interest in the said property, and ordering a partition by licitation. From that judgment, defendant has appealed.
It is admitted by the pleadings that when Elmira McDonald Lott died on October 28, 1904, she owned an undivided one half community interest in the East half of the Southwest quarter of Section 14, Township 6 South, Range 4 East. She left surviving her her husband, Luke Lott, and three children, Simeon, Bertha, and Sentell.
In 1906, Luke Lott transferred the said property to Warren Cockerham, and in 1910, Cockerham sold it to C. F. Stanga. On July 14, 1917, Stanga transferred the said property to Hammond Lumber Company, Limited, from whom title descended via a regular chain of title to Crown Zel-lerbach Corporation. As of the time of the filing of this suit, there was of record no divestiture of the undivided one half interest in the property, which was inherited by Simeon, Bertha and Sentell from their mother.
After suit was filed, Crown produced from its files a deed whereby Simeon, Bertha and Sentell conveyed their interest in the property to C. F. Stanga on April 6, 1917. This deed is attacked as a forgery by the plaintiffs.
Crown also claims to have a good title by the prescription of ten and thirty years. In this respect, the record shows that the Luke Lott family moved off of the disputed property in 1906, when the sale to Cock-erham was passed, and that no member of that family ever exercised any act of ownership on the said property thereafter. It is further shown that Crown and its predecessors in title paid taxes on the property from before 1930, and that they complied with their reforestation contract with the State of Louisiana from 1931 through' 1960, which contract covered the disputed property, together with other property. They proved timber cutting on this property in 1947, 1948, 1949, 1953, and 1964. They proved it was subjected to various forest management procedures during the late 1960’s, including thinning, seeding, planting and culling of hardwood trees. Two witnesses testified that they had fought forest fires on the disputed tract in the 1930’s on behalf of Great Southern Lumber Company, one of Crown’s predecessors in title.
No question is raised as to the good faith of Crown or its predecessors, Great Southern and Gaylord Container Corporation, in exercising the foregoing acts of possession, and all of them held deeds translative of title to the said property.
It is therefore clear that Crown and its ancestors in title have possessed the property in good faith under deeds transla-tive of title for a period greatly in excess of ten years. Under the provisions of Articles 3478 and 3479 of the Civil Code, they hold a valid prescriptive title to the parcel.
However, plaintiffs claim to be owners in common with Crown and therefore not subject to acquisitive prescription, under Article. 1304 of the Civil Code. The contention is without merit. That article provides, in part:
“The action of partition can not be prescribed against, as long as the thing remains in common, and such community is acknowledged or proved.”
*269 This article can have no application to one who has possessed in good faith under a deed translative of title to the entire interest in the property for a period in excess of ten years. See Land Development Co. v. Schulz, 169 La. 1, 124 So. 125 (1929).
We conclude that if plaintiffs do have a record title to an undivided interest in the subject property, they have lost their interest to Crown and its predecessors in title via the prescription of ten years acquirendi causa, and are not entitled to a partition of the said property. Having reached this conclusion, we need not consider the other points raised by this appeal.
The judgment appealed from is therefore reversed and there will be judgment herein in favor of defendant and against plaintiffs, dismissing plaintiffs’ demands at their cost.
Reversed and rendered.