LAND, J.
This is a petitory action, which was decided in the court below in favor of the defendants on the plea of prescription of 10 years. Plaintiff has appealed, and the case as presented by appellant’s counsel involves only questions of law.
The land in dispute is a part of the E. % of N. E. % of section 9, township 3, range 3, in the parish of Calcasieu. A state patent to this land issued in the name of Wade H. Myers in the year 1883. Myers never has had possession of the patent. In the year 1885 one W. W. Lynch held the patent, with a written transfer thereon, purporting to have been signed by Wade H. Myers in the presence of two witnesses. In the same year, Welch, for the price of $1,200 paid in cash, transferred all his right and title in the land in dispute and other lands, with storehouse of goods and appurtenances, to H. C. Lyles, and delivered to him the patent with the indorsement of transfer thereon. Lyles sold to W. T. Dunn by the following instrument of writing, to wit:
“The Bay, Calcasieu Parish, La.,
January 2nd, 1886.
“To All Whom it May Concern:
“I, H. C. Lyles, of The Bay, La., sell to Wm. T. Dunn, of the same address, all my right title and interest in a certain tract of land, known as the northeast sixteenth of section nine, and the north half of the southeast quarter of the northeast quarter of section nine, township three south, range three west, Southwest Louisiana district, to said W. T. Dunn, his heirs and assigns forever, with all the appurtenances thereto belonging.”
This instrument was signed by the parties in the presence of two witnesses, and was duly proved and recorded in November, 1886. In 1886 the land in dispute was adjudicated to the state for the taxes of 1885 assessed against Wade H. Myers. It may be here stated that in 1906, W. T. Dunn, as owner, redeemed the land by paying all the taxes, interest, costs, and penalties. Dunn, after his purchase, exercised acts of ownership on the premises, paid taxes thereon, and sold portions thereof to sundry persons, some of whom are defendants to this suit.
The transfer on the patent was in August, 1906, proved up by the only surviving attesting witness, and both were duly recorded. On October 22, 1906, Wade H. Myers, who had never asserted any claim to the land, against Lyles, Dunn, or assigns, granted, sold and quitclaimed the premises to J. H. Read, for the purported consideration of $500, and Read filed this suit on November 21, 1906.
The objection that the deed from Lyles to Dunn is not valid in point of form has no merit. It is an act under private signature, duly witnessed, proved up, and recorded. A sale of real estate may, be evidenced by the most informal of writings. The objection that the deed is silent as to warranty has no force, for warranty is implied, if not expressly included. The objection that no consideration is stated in the deed is bad, because the “agreement is not the less valid, though the cause be not expressed.” Rev. Civ. Code, art. 1894 (1888). “A just cause is always understood, unless the contrary be proved.” Pack v. Chapman, 16 La. Ann. 367.
An executed contract of sale of real estate, where no price is expressed, is not necessarily void. The court will infer that the price or its equivalent was paid; the defendant not being bound to prove the consideration when not attacked by the pleadings. Helluin v. Minor, 12 La. Ann. 124; Wolf v. Wolf, Id. 529.
The transfer from Lyles to Dunn is an executed contract of more than 20 years’ standing. The vendor is not permitted to question the sale he has made, and no third person can assail the same, without alleging and *291 proving simulation or fraud to his prejudice. Wolf v. Wolf, 12 La. Ann. 529.
We now come to the discussion of the main contention of counsel for defendant, that, where the. vendee purchases all the right, title, and interest of the vendor in the property, he cannot acquire by the prescription of 10 years. Counsel refer to the cases of Eastman v. Bieller, 3 Rob. 220, Reeves v. Towles, 10 La. 276, and Avery v. Allain, 11 Rob. 436. We have carefully read these eases, and find that their gist is clearly and tersely stated in Hennen’s Digest, p. 1203, No. 9, as follows:
“Where one assumes to sell without title or without disclosing the defects in his title, the vendee in good faith, through holding a non domino, may plead prescription. Otherwise, where the vendor sells only his right, shows what it is, declines to warrant generally, thus bringing home to the vendee a knowledge of his title.”
In the case at bar, Lyles purchased from Welch, who was in possession of the patent with an apparent valid assignment to himself indorsed thereon. Lyles, holding these muni-ments of title, sold the property tb Dunn, whose title and possession as owner was not questioned by the patentee until after the lapse of 20 years. There is not the slightest evidence of bad faith shown in either Lyles or Dunn. While the transfer of the patent was not proven, because the sole surviving attesting witness, who had proven the instrument for the purpose of registry, went back on his oath, all the facts and circumstances of the case tend to show that Welch held the patent, with the knowledge and consent of the original patentee, and must have owned the patent, or had some equitable interest therein. So much for the good faith of the parties. To return to the question under discussion, we conclude that there is no material difference between the sale of property and the sale of all the vendor’s right, title, and interest therein, because such a transfer includes all that the vendor can sell or the purchaser acquire. The common-law rule has been tersely expressed as follows:
“A conveyance of all the grantor’s right, title, and interest in and to certain described property will be construed as a conveyance of all his estate in such property, and the whole estate will vest in the grantee.” 13 Cyc. 655.
Judgment affirmed.