## LYNN v. MIDLAND VALLEY R. CO.

No. 16180— Opinion Filed Sept. 7, 1926.

(Syllabus.)

**1. Evidence — Admissions Made to Effect Compromise.**

Admissions made expressly for the purpose of effecting a compromise of a matter under controversy, if not accepted, cannot be proved against the party making them.

**2. Appeal and Error—Trial—Demurrer to Evidence—Incompetent Testimony Disregarded.**

In considering a demurrer to the evidence, a trial court may disregard incompetent testimony admitted over proper objections, and on appeal to this court from a ruling sustaining a demurrer to the evidence, incompetent evidence admitted over objection will not be considered for the purpose of reversing such ruling.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by John P. Lynn et al. against Midland Valley Railroad Company et al. Judgment for defendant Midland Valley Railroad Company, and plaintiff John P. Lynn appeals. Affirmed.

A. Plack Carr, for plaintiff in error.

O. E. Swan and Grinstead, Scott, Hamilton & Gross, for defendant in error.

MASON, J. This action was commenced in the district court of Osage county, Okla., by C. M. Shockley, Charles Walker, and John P. Lynn, against H. L. Jackson, Midland Valley Railroad Company, and the Girard Trust Company, to recover for work and labor performed in grading the roadbed of said railroad company, and to foreclose a lien against the property of said company. The case was subsequently dismissed as to the plaintiffs Shockley and Walker, and as to the defendant Girard Trust Company.

The petition alleged that Shockley and Walker, under an express oral contract with the defendant Jackson, had rendered and performed labor of the agreed and market value of $70.87; that the same was due and unpaid and that they had assigned their claims therefor to the plaintiff, John P. Lynn. The work done consisted in widening the dump or embankment upon which the

track of said defendant railroad company is maintained. Judgment by default was rendered against Jackson. The defendant railroad company answered by way of general denial, and, upon the issues thus joined, the cause was tried to the court, a jury being waived, and, at the close of the plaintiff's evidence, the de.endant railroad company interposed a demurrer thereto which was by the court sustained and judgment rendered for said company.

From this judgment the plaintiff, John P. Lynn, prosecutes this appeal, and, for reversal, contends that the trial court erred in sustaining defendant's demurrer to the plaintiff's evidence. The court seems to have sustained the demurrer upon the theory that no proof was offered sufficient to establish any contractual relation between Jackson and the railroad company. The only evidence offered by the plaintiff, in order to charge the railroad company for such labor or to show the contractual relation between Jackson and the railroad company, was certain alleged admissions as to the amount of work done, and its value made by an alleged attorney for the railroad company while endeavoring to make a settlement or compromise of the claims sued on in connection with several other claims against the railroad company. This evidence, which was introduced over the objection of the defendant, is not sufficient to establish such person as an attorney for the railroad company, but conceding that it is, yet admissions made expressly for the purpose of effecting a compromise of a matter under controversy. if not accepted, cannot be proved against the party making them. City of Anadarko v. Argo, 35 Okla. 115, 128 Pac. 500. This evidence was inadmissible, and the trial court should have sustained the defendant's objection thereto.

In Nance v. Oklahoma Fire Insurance Co., 31 Okla. 208, 120 Pac. 948, this court announced the following rule:

"In considering a demurrer to the evidence. a trial court may disregard incompetent testimony admitted over proper objections, and, on appeal to this court from a ruling sustaining a demurrer to the evidence, incompetent evidence admitted over objection will not be considered for the purpose of reversing such ruling."

The trial court, no doubt. had the foregoing rule in mind, and, in passing on the demurrer to the evidence, disregarded the incompetent testimony which had been admitted over defendant's objection. Disregarding said incompetent evidence. there was no evidence of a contractual relation between

Jackson and the railroad company authorizing the employment of Shockley and Walker for the performance of the labor done by them on the roadbed of the defendant company. Neither was it alleged nor proven that the railroad company authorized said work to be done, or that the railroad company had knowledge that it was being done. It is, of course, undisputed, that the labor was actually performed on the roadbed of the defendant company, but before the plaintiff could recover therefor against the defendant company he had the burden of establishing that it was done under a contract with the railroad company either express or implied.

In the absence of such proof, we must conclude that the court properly sustained the demurrer to plaintiff's evidence, and the judgment of the trial court is therefore affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and PHELPS, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 22 C. J. p. 308, §347; 5 R. C. L. p. 879; 1 R. C. L. Supp. p. 1542. (2) 4 C. J. p. 764, §2708; 26 R. C. L. p. 1064.