Charles E. PLUMMER, Plaintiff in Error,

v.

James FOGLEY, Defendant in Error.

No. 38787.

Supreme Court of Oklahoma.

May 2, 1961.

Rehearing Denied July 5, 1961.

Bradford & Watson, by H. B. Watson, Jr., Tulsa, for plaintiff in error.

Dickey & Richard, by Joe Richard, Tulsa, for defendant in error.

WELCH, Justice.

There is no conflict in the evidence as to the fact that plaintiff and defendant did during the latter part of August, 1956, have a discussion concerning the entering into a partnership agreement to operate a restaurant, and a series of conversations and discussions took place from time to time thereafter. The evidence is not in conflict that defendant offered plaintiff a partnership interest in the contemplated restaurant for a consideration of $5,000. However, the testimony of plaintiff is to the effect that after he informed defendant he could not raise any money defendant agreed to advance $3,000 to the plaintiff for him to enter the business, and let plaintiff pay the same back to him from his share of the profits, and plaintiff was to have twenty-five per cent of the profits, and twenty-five per cent of the real estate and fixtures, and in addition thereto was to receive the sum of $125 per week for managing the operation of said restaurant, to commence when the building was completed and the business opened. Defendant denies that an agreement was ever reached as to the partnership under any terms. The evidence is not in conflict that defendant during the latter part of November, 1956, loaned the plaintiff $250 which was never repaid.

According to the testimony of the plaintiff upon numerous occasions he insisted that the contract be reduced to writing, but the defendant would not agree to do so, and the same was never done. The record fails to reveal any evidence of $3,000, being advanced for the benefit of the plaintiff, or any evidence of any specific manner in which the defendant was to be reimbursed should we assume same was advanced. According to the testimony of the plaintiff he was not to receive any salary until he began operating the restaurant. It is also revealed by the testimony of plaintiff that during the latter part of November, or early part of December, 1956, and before the building had been completed or the business started operation, the plaintiff and defendant had another meeting at which time plaintiff requested a signed agreement from the defendant, and the defendant informed the plaintiff he would not sign an agreement and did not want to have anything further to do with plaintiff.

This evidence does not reveal that any partnership agreement was ever entered into, in our opinion. At most it only tends to prove that there may be inferred from the testimony of the plaintiff, and the actions of the parties, that there was an agreement to later make and enter into a partnership contract. The record fails to reveal where any consideration passed from the plaintiff to the defendant for any interest in the business or the property.

Defendant contends that the trial court erred in giving instruction No. 7, which reads as follows:

"You are instructed that if you find for the plaintiff that his measure of damages would be the percentage of profits which you find he was entitled to receive under the oral contract for a reasonable time. The law provides that a partnership may be dissolved within a reasonable time by the mutual consent of the parties to the partnership, or by an offer to buy or sell the appraised assets of the partnership, or by the express will or desire of any partners when no definite term or particular ending of the partnership is specified; but in the absence of a specific agreement of dissolution of the partnership the law would contemplate

that any partnership could be dissolved upon a reasonable notice given to other partners. You are further instructed that the measure of damages would also include twenty-five (25%) per cent of the value of the real property, including the building and equipment, if you find that under plaintiff's contract, if any, he was entitled to twenty-five (25%) per cent of the partnership. You are further instructed that plaintiff would also be entitled to a salary of One Hundred Twenty-five ($125.00) Dollars per week for a reasonable time, if you find that that was a part of his oral contract, if any."

The instruction complained of first instructs the jury that the plaintiff's measure of damages would be the percentage of profits which they might find him entitled to receive under his oral contract for a reasonable time.

There was testimony before the court of profits made by the lessee of the restaurant during one year's operation by him after it was completed and leased to him, which was subsequent to the disagreement of the plaintiff and defendant in the early part of December, 1956.

■ While we have upon numerous occasions held that the loss of profits in an established business is a proper element of damages, we are of the opinion that there could be no way to arrive at an accurate measurement or estimate of future or anticipated profits since the plaintiff was not the operator of the business, and the business had not been established as a partnership prior to the disagreement. The plaintiff, according to the evidence, was not experienced in this type of business and the lessee was a man of many years experience.

■ Where the loss of anticipated profits is claimed as an element of damages, the business claimed to have been interrupted must be an established one, and it must be shown that it has been successfully conducted for such a length of time and has such a trade established that the profits therefrom are reasonably ascertainable. 25 C.J.S. Damages § 42b, p. 518; Diffenbach v. McIntyre, 208 Okl. 163, 254 P.2d 346, and Keener Oil & Gas Co. v. Stewart, 172 Okl. 143, 45 P.2d 121.

Said instruction also charges the jury that as a further element of damages they may include twenty-five per cent of the value of the real property.

■■ According to the record the real property involved herein was the individual property of the defendant, and according to testimony of plaintiff twenty-five per cent interest in same was to be conveyed to him. The statute of frauds applies to an agreement claimed to constitute a partnership or profit sharing agreement where, under it, one party is to have an interest in the lands of the other, or lands standing in the name of the other. It applies to an oral contract to transfer or convey partnership real property, and the interests of the other partners therein to one partner as an individual, as well as to a parol contract by one of the parties to convey certain land owned by him individually to the partnership, or to another partner, or to put it into the partnership stock. 37 C.J.S. Frauds, Statute of § 119(a) p. 613; King v. Northern Pacific Railroad Co. et al., 7 Wash.2d 250, 177 P.2d 714, 171 A. L.R. 190.

In the case of Brewer v. Cropp, 10 Wash. 136, 38 P. 866, it was held:

"An oral contract between the members of a copartnership to convey firm realty from one to the other is void."

■ Said instruction further instructs the jury that as another element of damages the plaintiff would be entitled to a salary of $125 per week for a reasonable time. The testimony of the plaintiff clearly reveals that he was not to receive any salary until he began to operate the business and that he never did operate the business.

For the reasons above stated, we are of the opinion that it was prejudicial error to give instruction No. 7.

The trial court, over the defendant's objections, permitted the plaintiff to introduce a letter from the defendant to plaintiff, and a check in the sum of $500, wherein defendant offered to settle the differences between the parties. These exhibits were prejudicial to the interest of the defendant. Such evidence is inherently harmful, for the jury will draw conclusions therefrom in spite of anything said by the parties, and in spite of anything which may be said by the judge in instructing them as to the weight to be given such evidence. Knuckel v. Rattray, 110 Okl. 289, 231 P. 541; Lynn v. Midland Valley R. R. Co., 121 Okl. 172, 249 P. 270.

The court also permitted plaintiff to offer the testimony of Sol Shore, an expert restaurant owner and operator and lessee of said restaurant, to testify concerning the income which he had received from his operation. It was clearly established that the witness was an experienced restaurant man operating under different circumstances, and plaintiff was inexperienced in the restaurant business. Therefore income received by experienced person could not be any indication of what could have been received if operated by an inexperienced man. This evidence is clearly incompetent and misleading. Nor do we deem the evidence of what the plaintiff was earning before this purported contract was entered into competent to prove damages. This evidence was also prejudicial to the interest of the defendant, and did not tend to prove or disprove any issues in the case.

Where incompetent testimony is offered and such evidence is prejudicial to the rights of the complaining party, the admission of such testimony constitutes reversible error. Benzel v. Pitchford, 206 Okl. 672, 245 P.2d 1131.

Therefore, for the reasons hereinabove stated, the judgment of the trial court is reversed, and the cause remanded for new trial with directions for the trial court to proceed not inconsistent with the views expressed herein.

Reversed and remanded.

WILLIAMS, C. J., and DAVISON, HALLEY and JOHNSON, JJ., concur.

BERRY, J., concurs in result.

BLACKBIRD, V. C. J., and JACKSON and IRWIN, JJ., dissent.