George H. RICHTERBERG, Plaintiff,

v.

WITTICH MEMORIAL CHURCH, a corporation, Defendant.

Civ. No. 9783.

United States District Court
W. D. Oklahoma.

June 20, 1963.

Dale & Dale, Guymon, Okl., Cochran, Dudley, Fowler, Rucks, Baker & Jopling, Oklahoma City, Okl., for plaintiff.

Leslie L. Conner, Oklahoma City, Okl., Grester Lamar, Guymon, Okl., for defendant.

DAUGHERTY, District Judge.

This matter was tried to the Court without a jury on the 17th day of April, 1963, at which time the case was taken under advisement and suggested findings of fact and conclusions of law where requested and subsequently received from both parties. Pursuant to the foregoing, the Court now makes the following findings of fact, conclusions of law, and renders the following decision herein:

### FINDINGS OF FACT

1. Theodore Farmhals and Beatrice M. Farmhals, husband and wife, owned the NE¼ of Section 22, Twp. 6 North, Range 11 East of the Cimarron Meridian, in Texas County, Oklahoma, as joint tenants, having acquired the same on November 8, 1930.

2. Theodore Farmhals died on September 25, 1941, leaving Beatrice M. Farmhals, his wife, as the surviving joint tenant of said land.

3. By deed dated December 30, 1941, Beatrice M. Farmhals, then of Chicago, Illinois, conveyed said land to the Christ Church Pentecostal, also of Chicago, Illinois.

4. Christ Church Pentecostal later became Wittich Memorial Church, a corporation, the defendant herein.

5. The plaintiff, George H. Richterberg, commenced farming the above land in 1928 as a tenant under Theodore and Beatrice M. Farmhals on a crop rent basis, which arrangement continued until 1942 or 1943.

6. In 1942 or 1943 George H. Richterberg was contacted by one James H. Martin of Chicago, Illinois, following which he ceased to farm the property for anyone for a period of some four or five months.

7. On February 6, 1943, Harrison E. Rall of Elkhart, Kansas, sent the following telegram to James H. Martin of Chicago, Illinois:

"To James H. Martin,
"Street and No., 7513 S. Halsted St.
"Place, Chicago, Ill.
"Feb. 6, 1943
"Accepting there price. Send contract.
"Letter fowling.
"Harrison E. Rall."

(See Plaintiff's Exhibit Number 4 to Harrison E. Rall deposition.)

8. On February 6, 1943, Harrison E. Rall made his check to Christ Church Pentecostal for $100.00 which was sent to James H. Martin and by him endorsed for Christ Church Pentecostal. (See Plaintiff's Exhibit Number 5 to Harrison E. Rall deposition.)

9. On March 15, 1943, Harrison E. Rall deposited $1,500.00 in escrow in the First State Bank of Elkhart, Kansas, on the NE¼, Section 22, Township 6, Range 11. (See Plaintiff's Exhibit Number 8 to Harrison E. Rall deposition.)

10. About this time, in 1943, Harrison E. Rall notified George H. Richterberg that he had bought the land involved and arrangements were effected between them for George H. Richterberg to farm the land as the tenant of Harrison E. Rall on a share crop basis. This arrange-

ment continued for approximately eighteen years until George H. Richterberg obtained a quitclaim deed to the property from Harrison E. Rall during the latter part of the year 1961. (See Plaintiff's Exhibit Number 25 to Harrison E. Rall deposition.)

11. On March 2, 1944, Harrison E. Rall, in support of his purchase and ownership of the land involved herein, filed an affidavit in the office of the County Clerk of Texas County, Oklahoma, to the effect that he had purchased the land in question. (See Plaintiff's Exhibit Number 13 to Harrison E. Rall deposition.)

12. The defendant church paid the taxes on said land for the years 1941 and 1942 and sent its check for the 1943 taxes but the check was returned. Harrison E. Rall paid the taxes on said land for the year 1943 and all years subsequent through 1961. Plaintiff paid the taxes for the year 1962.

13. During the years that George H. Richterberg farmed said land as the tenant of Harrison E. Rall, wheat and milo were grown, trees were set out, bind-weed was killed with chemicals, the land was improved for cultivation by plowing and otherwise. These tasks were performed by both Rall and Richterberg. At times cattle were pastured on the land and an electric fence was installed. No one lived on the farm itself and the same had no houses or buildings located thereon. George H. Richterberg has always lived near-by in Texas County, Oklahoma. The said Harrison E. Rall owned the west half of said Section 22 and a similar share crop farming arrangement was in effect as to it between Harrison E. Rall and George H. Richterberg. No crop rents or moneys were paid to the defendant church by George H. Richterberg or Harrison E. Rall at any time during the period 1943–1961 and none was demanded of them by the defendant church during such period. The land was registered with the Government for wheat allotment by George H. Richterberg. When the crops were harvested each year, except when there was a crop failure, George H. Richterberg and Harrison E. Rall sold the grain and divided the proceeds between themselves under their share crop arrangement.

14. On July 5, 1946, E. C. Podewell, the acknowledged attorney for the defendant church, in a letter to the attorney for Harrison E. Rall expressed knowledge on behalf of the church that Harrison E. Rall was claiming ownership of the property adverse to the defendant church by purchase and was demanding a deed.

15. In August 1950, Harrison E. Rall filed an action against the defendant church in the District Court of Texas County, Oklahoma, in which he alleged that on February 3, 1943, the defendant church was the owner in fee simple and in possession of said land but that pursuant to an agreement thereafter made on February 6, 1943, as shown by exhibits attached to the petition, he purchased the land for $1,600.00 as offered and became the owner thereof. (See Defendant's Exhibit Number 1.) In this suit, Harrison E. Rall asked for his deed to said land by way of specific performance.

16. The defendant church made an appearance in this suit by an attorney on June 6, 1952, but the suit was never brought to issue or trial, and on December 20, 1961, the same was dismissed without prejudice by the plaintiff therein, Harrison E. Rall.

17. In said specific performance suit as disclosed by the transcript thereof (see Defendant's Exhibit Number 1), the said Harrison E. Rall did not recognize a superior title or right to said land in the defendant church—rather the said Harrison E. Rall asserted his own title and ownership of said land against the church and superior to the church by virtue of his purchase of the same on February 6, 1943, followed by payment of the agreed consideration therefor.

18. According to Plaintiff's Exhibit Number 23 (Such exhibit is attached to the deposition of Harrison E. Rall), the defendant church in a letter on its letterhead dated August 8, 1945, and signed by Gordon P. Swartz (Pastor of the church and husband of the witness herein, Hed-

wig Swartz), and one Raymond D. Johnson and Beatrice M. Farmhals (previous owner) recognized Mr. James Martin as the church's real estate agent in connection with the Guymon property, the property involved herein, and his services as such were then terminated.

19. Harrison E. Rall was in actual, open, notorious, exclusive and hostile possession of the land involved herein under color of title and claim of right from on or about March 15, 1943, when he placed the purchase price in escrow until he conveyed the property to the plaintiff herein on or about December 11, 1961. The plaintiff has been in actual, open, notorious, exclusive and hostile possession of said land from the date he acquired title thereto from Harrison E. Rall as above set forth until he filed this action on July 11, 1962 and was in such possession at the time of trial herein. Prior thereto the possession of said land by George H. Richterberg from early 1943 was as the tenant of Harrison E. Rall and his possession as such tenant was actual, open, notorious and hostile as to the defendant church.

20. Harrison E. Rall did not enter into possession of said land as a renter at any time. Rather, he took possession in 1943 as the purchaser and owner thereof. At any rate, any effort to make him a renter was clearly repudiated and the hostile possession of Harrison E. Rall was made manifest by the affidavit he filed on March 2, 1944, which is mentioned in Paragraph 11 above. Moreover, the defendant church definitely knew of such hostile holding as shown by its attorney's letter dated July 5, 1946, and mentioned in Paragraph 14 above. The facts that no rent was ever paid to the defendant church by Harrison R. Rall or his tenant; that Harrison E. Rall paid the taxes on said land for the years 1943 through 1961, and that the church had knowledge at least by July 5, 1946, by competent evidence, and probably earlier, that Harrison E. Rall was claiming to be the owner of said property and was demanding a deed, all clearly and positively establish that Harrison E. Rall was holding possession of said land actually, openly, notoriously, continuously, exclusively, and adversely for over fifteen years against the defendant church.

21. The plaintiff, George H. Richterberg, is and has been at all times herein and when this suit was filed a resident and citizen of Texas County, State of Oklahoma. The defendant church is and has been at all times a citizen of Chicago, Illinois. The land involved herein has a value in excess of $10,000.00 exclusive of interest and costs. Both parties have stipulated to the jurisdiction of this Court.

## CONCLUSIONS OF LAW

1. Under the law of Oklahoma title by prescription or by adverse possession may be acquired by one who is in actual, open, visible, notorious, continuous, exclusive and hostile possession with claim of ownership for a period of fifteen years. Moore v. Slade, Okl., 147 P.2d 1006.

2. To establish adverse possession of land the claimant need not actually reside upon it or have it enclosed with a fence but it is sufficient if claimant is doing such acts thereon that indicate in an open, public and visible manner that he has exclusive control over the land under a claim of right to such exclusive possession. 3 Am.Jur.2d, page 100; Fessler v. Thompson, Okl., 130 P.2d 513; Cox v. Kelley, Okl., 295 P.2d 1061.

3. Statements, acts and declarations by one claiming title by adverse possession, and his predecessors in title, made during the statutory period are admissible as evidence tending to show the nature of his possession. 3 Am.Jur.2d, page 349.

4. The doctrine of adverse possession is to be taken strictly. Such a possession is not to be made out by inference but by clear and positive proof. Every presumption is in favor of possession in subordination to the title of the true owner. Reinhart & Donovan Co. v. Missouri-Kansas-Texas R. R. Co., Okl., 105 P.2d 541.

328

5. To constitute basis for adverse possession of land, entry thereon must be accompanied by claim of right, or there must be distinct denial or repudiation of true owner's right to possession after such entry. Cook v. Craft, Okl., 248 P.2d 236; Wilcox v. Wickizer, Okl., 266 P.2d 638.

6. Payment of taxes on land is not controlling but is one of the means whereby claim of ownership is asserted, and failure to pay taxes weakens claim of ownership by adverse possession. Anderson v. Francis, 177 Okl. 47, 57 P.2d 619.

7. Under the facts in this case, the said Harrison E. Rall entered into possession of the land involved in 1943 under a claim of right or claim of ownership as the purchaser of the same and continued such possession until he sold the property to plaintiff herein in 1961. 3 Am.Jur.2d, 177, 183.

8. If one claiming title by adverse possession brings an action in the nature of specific performance during the statutory period, which action is later dismissed by him without being heard on its merits, the statutory period of adverse possession will not be disturbed and it is to be considered as though such action had never been instituted, unless, in such action the claimant in adverse possession took a position inconsistent with his claim of right or claim of ownership or recognized a superior title at the time to be in another. 2 C.J.S. Adverse Possession § 153, p. 723; 80 A.L.R. 439; Screen v. Trainor, 172 La. 51, 133 So. 359; and Endicott v. Haviland, 220 Mass. 48, 107 N.E. 394.

9. The specific performance action filed in 1950 by Harrison E. Rall, plaintiff's predecessor in title did not, as a matter of law, recognize a superior title in the defendant church. Moreover, the allegations of the said Harrison E. Rall set forth in his petition asserted superior title in himself by purchase and were not inconsistent with a claim of title by adverse possession. See authorities under Paragraph 8 immediately above.

10. An offer of settlement or compromise made with reference to a pending suit is not admissible in evidence. Plummer v. Fogley, Okl., 363 P.2d 238.

11. Bargaining for an outstanding claim or title does not constitute a recognition of the superiority of such claim or title. 3 Am.Jur.2d 169.

12. The statutory period for title by adverse possession of land will not be tolled by the claimant in adverse possession being a non-resident of the jurisdiction in which the land is situated. The statutory period begins to run at the time of entry unless the entry is permissive, and then the statutory period begins to run at the time the possession of the claim becomes adverse to that of the owner. 3 Am.Jur.2d, page 89. An ejectment action, available to the owner of land to remove one in possession and holding adversely, is a local action. Suit is brought in the county where the land is situated. 18 Am.Jur. page 62. Graves v. Foster, 158 Okl. 36, 12 P.2d 502.

A tenant of one claiming ownership by adverse possession could be joined as a party defendant and would be a proper defendant alone if the employer is not amenable to suit. 18 Am.Jur., Page 66.

## DECISION

Based upon the foregoing findings of fact and conclusions of law it is the judgment and decision of the Court that Harrison E. Rall at the time he entered into possession of the land involved in the year 1943 did so under a claim of ownership of the property by virtue of his purchase of the same; that this possession at all times thereafter was open, notorious, continuous, exclusive, hostile and adverse to the defendant church and so continued until Harrison E. Rall conveyed his title to plaintiff herein in 1961; that the specific performance suit of Harrison E. Rall did not disturb the running of the statutory period since it was dismissed by him without having been tried and since it did not recognize a superior title in the defendant church but rather was an assertion of paramount title in

Harrison E. Rall by virtue of his having purchased the property; that the possession of Harrison E. Rall from early 1943 until late in the year 1961 by clear and positive evidence was open, notorious, exclusive and hostile against the defendant church, and that such adverse possession by Harrison E. Rall ripened into a title in him in and to the property by adverse possession or prescription; that such title has been conveyed to the plaintiff herein and plaintiff is therefore entitled to judgment holding him to be the owner of the legal title in fee simple in and to the land involved free and clear of any claim on behalf of the defendant, and that the defendant is forever barred from asserting any right, claim or interest therein. It is so ordered.

Defendant's oral motion for directed verdict treated as motion for judgment for defendant made at the close of the trial on April 17, 1963 and taken under advisement by the Court is now denied.