LEMMON, Judge.
This is a petitory action in which plaintiffs are claiming an undivided ownership in 233 acres of immovable property. Plaintiffs now appeal from a judgment which maintained defendants’ exception of ten-year acquisitive prescription and dismissed the suit.
I
John Mire, Sr. acquired the property by two purchases, in 1932 and 1936, during his marriage to Naomi Bertaut. One child (John Mire, Jr.) was born of this marriage, but from previous marriages Mr. Mire had three children (George Mire, Emile Mire and Rita M. Feitel) and Mrs. Mire had one (Claude Melancon, Sr.).
Mrs. Mire died in 1938. The judgment of possession in her succession recognized plaintiffs (her grandchildren) as her residuary legatees, but the subject property was *77 not included in the succession inventory and not described in the judgment of possession. Mr. Mire died in 1939, and the judgment of possession in his succession recognized his four children as owners of the subject property.[1] Both successions were handled by the law firm of Martin and Himel.
In 1949 defendant Sidney Wood acquired the property by act of sale from John Mire, Jr., George Mire, Emile Mire and Edward Feitel.[2] The act purported to transfer complete ownership, and no mention was made of any outstanding interest belonging to Claude Melancon, Sr. or to plaintiffs. Subsequently, Claude Melancon, Sr. died, and plaintiffs were recognized as his sole heirs, but the subject property was not mentioned in his succession proceedings.
Plaintiffs’ petition in this action alleges they discovered their “rights” on October 31, 1966, exactly one year before this suit was filed.[3]
II
Plaintiffs first complain that the question of ten-year acquisitive prescription under C.C. art. 3478 et seq. is not before the court, because defendants’ exception pleaded prescription based specifically on R.S. 9:5682. They contend that since C.C. art. 3478 was not mentioned until a post-trial brief, they were prejudiced because their evidence was presented to meet the plea of prescription under R.S. 9:5682.
Defendants’ exception did specifically plead R.S. 9:5682 as the basis for prescription, but the two-page pleading also alleged the act of sale in 1949 and continuous, uninterrupted, peaceable, public and unequivocal possession since July 8,1949, the date of the sale. Thus, the pleading alleged facts which, if proved, would constitute all of the elements (except good faith) required for relief under C.C. art. 3479, although no specific Codal article was named.
Furthermore, at the trial of the exception plaintiffs attempted to prove Wood’s lack of good faith.[4] Therefore, while plaintiffs may have been surprised when defendants argued in post-trial brief for relief under C.C. art. 3478 et seq., we perceive no prejudice caused by insufficient pleading or by insufficient opportunity for presentation of evidence.
Ill
Immediately after the 1949 act of sale Wood utilized the property for raising cattle and constructed a fence on three sides, (a fence on the fourth side being unnecessary, because he leased the adjoining property on that side for cattle grazing). He built sheds and chicken houses, and in 1951 he built a home where he resided from 1951 until the time of trial. He also dug ditches and canals, granted servitudes, executed mineral leases, and sold two portions of the property to his sons (who were joined as defendants). He testified that from the date of his acquisition until the date of this suit he believed that he was indeed the owner of the property which he possessed as owner.
Thus, Wood proved without contradiction that he exercised continuous and uninterrupted, peaceable, public and unequivocal possession as owner for more than ten years and a legal title sufficient to transfer the property. C.C. art. 3479, 3483, 3487. The final requirement for ten-year acquisitive prescription is good faith on the part of the possessor. C.C. art. 3479. To be in good faith, a possessor must have legiti *78 mately and reasonably believed that the person from whom he acquired title was the true owner of the property. C.C. art. 3451; Board of Comm’rs., Lafourche Basin Levee Dist. v. Elmer, 268 So.2d 274 (La.App. 4th Cir. 1972). Good faith is always presumed, and the burden of proving lack of good faith is on the party opposing acquisitive prescription. C.C. art. 3481.
Woods, the only witness presented at the hearing on the exception (at which time he was 80 years old), testified that he had rented the property from the Mires for six or seven years, or perhaps since as far back as 1938, when Paul Melancon (described as an old man, related by marriage to Mr. Mire, Sr., who sometimes collected the rent) asked him if he was interested in purchasing the property; that “when I decided to buy the place I was dealing with John Mire”, who lived in New Orleans; that Mire contacted the law firm of Martin and Hi-mel, and “they fixed up everything”; that Martin and Himel had never represented him, although he “knew of them”;[5] and that he met Himel and John Mire at the court house in Convent, where they completed the transaction, and he paid the purchase price.
On the basis of this evidence, apparently accepted as credible, the trial judge could reasonably have concluded that Wood purchased the property, without the benefit of any title examination whatsoever, having just reason to believe that those who transferred the property to him were conveying full and perfect ownership. Knowledge of the seller’s lack of right or interest in the property is not imputed to the buyer, and the buyer’s error in buying from that seller is an error of fact. A buyer who purchases under an error of fact does so in legal good faith.[6]
Furthermore, legal bad faith is not imputed to the purchaser because a complete title examination would have revealed a possible title problem (which in this case may then have dictated further inquiry into possible interest of Mrs. Mire’s heirs and legatees). Land Development Co. v. Schulz, 169 La. 1, 124 So. 125 (1929); Johnson, Good Faith as a Condition of Ten Year Acquisitive Prescription, 34 Tul.L.Rev. 671 (1960). Good faith is determined by reference to any defects suggested in the title deed itself or any knowledge of the purchaser at that time. If bad faith is imputed to a purchaser because a complete title examination would have revealed that the seller had no title or a defective or inadequate title, then there would be little usefulness in the provision for good faith acquisitive prescription.
Finally, plaintiffs’ argument that the firm of lawyers who represented the sellers at the act of sale should have been aware of a possible claim by Mrs. Mire’s heirs and legatees and that such knowledge is imputable to the clients is not significant, because legal bad faith on the part of the sellers is not a relevant determination as to the issue of good faith possession by the purchaser.[7] And the argument that the same firm represents Wood in this proceeding is likewise insignificant, because the critical time for the existence of good faith is at the commencement of possession. C.C. art. 3482; Ryan v. Ribbeck, 83 So.2d 650 (La.1955).
*79 The judgment is affirmed.

AFFIRMED.

. Thus, the property was apparently treated as Mr. Mire’s separate property, and in Mr. Mire’s interdiction proceeding the property was in fact listed as his separate property. Neither of the deeds by which Mr. Mire acquired the property contained a declaration to this effect.

. We were informed in oral argument that Mrs. Rita Mire Feitel had died between 1939 and 1949.

. This matter has been to this court before, when we reversed a dismissal based on non-prosecution for five years. See 303 So.2d 222.

. As interpreted in All-State Credit Plan of Natchitoches, Inc. v. Ratliff, 279 So.2d 660 (La.1973), R.S. 9:5682 (before the 1973 amendment) requires good faith as an element of the cause of action.

. Wood testified:
“But, I live across the river. In those days it was pretty hard to get across the river and I didn’t know any lawyers at the time; I was a young man. So, when I decided to buy the place I notified Mr. Mire and he’s the one that got all the papers fixed up and I didn’t know anything about all this. I went ahead and signed because it was done by the lawyer.” (Emphasis supplied)

. On this basis we reject plaintiffs’ argument that Wood purchased the property under an error of law, which under C.C. art. 1846(3) cannot be used as a means of acquiring property.
There is a dispute among doctrinal writers whether good faith is involved in errors of law as well as errors of fact. See, generally, 5 Civil Law Translations, Bandry-Lacautinerie & Tissier, Prescription, §§ 680, 684 (La.St.L.Inst. Trans. 1972). But Louisiana jurisprudence has consistently regarded a purchase from other than the true owner as an error of fact for purposes of ten-year acquisitive prescription.

. Any recourse available to plaintiffs against the sellers is not before us in this action.